# Commonwealth *versus* Wallace.

1. For error in quashing an indictment, arresting judgment after verdict of guilty, and the like, the Commonwealth may remove the record from the court below to the Supreme Court for review, without special allowance of the writ.

2. A writ of error is the proper writ to reverse the judgment of the court below in quashing an indictment; but where the cause has been prepared and heard on its merits a writ of *certiorari* will not be quashed, but the cause will be considered as if brought up by writ of error.

3. An indictment for obtaining money by false pretence charged that the defendant did pretend "that the assets of a bank, of which he was the president, were largely in excess of its debts and liabilities, and that said bank was perfectly solvent and able to pay its debts and liabilities, and averred that "in truth and fact the assets at the time of making the representations aforesaid were not in excess of its debts and liabilities and that the said bank was not solvent and able to pay all its debts and liabilities." *Held*, That the indictment was sufficient under the 111th section of the Criminal Code, Act of March 31st, 1860, P. L., 410.

4. An indictment for obtaining money by false pretence, charging that the money was obtained by both a pretence and a promise, is within the statute, if the pretence of a false existing, or a past fact be sufficient.

October 15th, 1886. Before GORDON, PAXSON, TRUNKEY and STERRETT, JJ. MERCUR, C. J., GREEN and CLARK, JJ., absent.

CERTIORARI to the Court of Quarter Sessions of the Peace of *Lawrence county :* Of October Term 1886, No. 235.

This was an indictment for obtaining money by false pretence found by the grand jury of said county against Daniel H. Wallace.

The following is the indictment.

The Grand Inquest of the Commonwealth of Pennsylvania, inquiring in and for the body of the county of Lawrence, upon their oaths and solemn affirmations, respectively, do present, that Daniel H. Wallace, yeoman, late of the county of Lawrence aforesaid, heretofore, to wit: On the twenty-first day of June, in the year of our Lord one thousand eight hundred and eighty-four, in the county of Lawrence aforesaid, and within the jurisdiction of this court, with force and arms, &c., devising and intending to cheat and defraud one, Barbara Genkinger, of her money, goods, chattels and property, then and there, being an officer to wit: President of the Peoples' Savings Bank of the city of New Castle, Lawrence county aforesaid, unlawfully, knowingly, wilfully and designedly did then

and there falsely pretend and represent to said Barbara Gen-
kinger that the People's Savings Bank aforesaid, was perfectly
solvent, and that none of the sums of money that would be
deposited in said People's Savings Bank after the twenty-first
day of June, one thousand eight hundred and eighty-four
would be used to pay any of the debts of said bank incurred
prior to said twenty-first day of June, whereas, in truth and
in fact, the said People's Savings Bank, at the time said state-
ments and representations were made, was not solvent and
able to pay all its liabilities, and said sums of money so de-
posited in said bank were not used as represented by said
Daniel H. Wallace, which said pretence and pretences the said
Daniel H. Wallace then and there well knew to be false, by
color and means of which said false pretense and pretenses, he
the said Daniel H. Wallace did then and there unlawfully,
knowingly and designedly obtain from the said Barbara Gen-
kinger a large sum of money, to wit: Two thousand dollars,
being then and there the property of the said Barbara Genkin-
ger, with intent to cheat and defraud the said Barbara Genkin-
ger to the great injury and damage of her, the said Barbara
Genkinger, two thousand dollars, contrary to the form of the
Act of the General Assembly in such case made and provided
and against the peace and dignity of the Commonwealth of
Pennsylvania.

And the inquest aforesaid upon their oaths and solemn
affirmations aforesaid do further present that the said Daniel
H. Wallace afterwards, to wit: On the day and year aforesaid,
at the county of Lawrence aforesaid and within the jurisdic-
tion of this court, with force and arms, &c., being an officer to
wit: President of the People's Savings Bank, a bank located
in the city of New Castle, Lawrence county aforesaid, devising
and intending to cheat and defraud one, Barbara Genkinger,
of her money, goods, chattels and property, unlawfully, know-
ingly, wilfully and designedly, then and there did falsely pre-
tend and represent to said Barbara Genkinger, that the assets
of said People's Savings Bank were largely in excess of its
debts and liabilities, and that said bank was perfectly solvent
and able to pay all its debts and liabilities, whereas, in truth
and in fact the assets at the time of making the representa-
tions aforesaid, were not in excess of its debts and liabilities,
and said People's Savings Bank was not solvent and able to
pay all its debts and liabilities, and said money deposited after
said twenty-first day of June was used to pay debts incurred
prior to said twenty-first day of June, and used by said Dan-
iel H. Wallace for his own purposes, which said pretence and
pretences the said Daniel H. Wallace then and there well
knew to be false, by color and means of which said false pre-

[Commonwealth v. Wallace.]

tence and pretences, he the said Daniel H. Wallace did then and there unlawfully, knowingly and designedly obtain from the said Barbara Genkinger a large sum of money, to wit: Two thousand dollars, being then and there the property of the said Barbara Genkinger with intent to cheat and defraud the said Barbara Genkinger to the great injury of her, the said Barbara Genkinger, two thousand dollars, contrary to the form of the Act of the General Assembly in such case made and provided and against the peace and dignity of the Commonwealth of Pennsylvania.

The defendant moved to quash the indictment for the following reasons:

1. The representations or pretences, alleged to have been made by defendant are insufficient to sustain an indictment for procuring money by false pretences.

2. The charge that defendant represented that the bank was insolvent is too general and too uncertain and insufficient. And so is the representation of excess of assets over liabilities. And the charge that defendant represented that none of the money gotten or deposited would be applied on debts previously incurred is not a statement of fact but a promise of future conduct, and therefore insufficient.

3. The facts of solvency of the bank, and of excess of its assets over its liabilities are not sufficiently negatived.

4. The indictment is bad because it charges that the money was obtained from the prosecutor by both a pretence and a promise, and does not charge that it was induced by a false pretence. So far as can be known by the court, the promise alone may have induced the prosecutor to have parted with the money.

The court, McMichael, J., sustained the motion and quashed the indictment.

To this judgment of the court the Commonwealth excepted which was noted and a bill sealed.

The Commonwealth thereupon took this writ assigning for error the action of the court in quashing the indictment.

*B. A. Winternitz (S. L. McCracken*, District Attorney, *Charles McCandless* and *Treadwell & Jameson*, with him), for plaintiff in error.—The indictment is sufficient under the Act of March 31st, 1860, § 111,P. L., 140.

The indictment is drawn in accordance with the rulings of the Supreme Court and in the language of the statute: Commonwealth v. Adley, 1 Pearson, 62; Commonwealth v. McCrosius, 2 Clark, 6; Commonwealth v. Hutchinson, 1 Clark, 302.

This precedent is adopted by Chitty (Criminal Law, Vol. 3,

768,) except that his precedent charges several as being concerned in the cheat with the defendant in falsely representing himself as a wealthy merchant. The false pretence need not be in words: Com. *v.* Daniels, 2 Pars., 332.

In a New Jersey case, where a man was induced to part with his claim against a third person, his debtor, at a sacrifice, the pretence used was as stated in the indictment, that this third person was insolvent, and largely indebted to divers persons, and was possessed only of small means, and was unable to pay the debt in full; all of which was false, known to be so by the person making the representation, and it was contended on his behalf, that whether this third person was insolvent or not, was largely indebted or not, and was able to pay in full or not, were severally matters of opinion; but the majority of the court held that they were matters of fact, in distinction from opinion, therefore that the indictment could be sustained: The State *v.* Tomlin, 5 Dutcher, 13, cited in 2 Bishop Crim. Law, § 433, Ed. 1868; People *v.* Haynes, 14 Wendell, 546, cited in 28 Am. Decisions, is to the same point; Com. *v.* Burdick, 2 Bar., 163.

In England under a similar statute to ours one C. was convicted of obtaining potatoes by falsely pretending that he was in a position to do a good trade in potatoes, and that he was able to pay for large quantities of potatoes, as, and when the same might be delivered to him: Reg. *v.* Cooper, 25 W. R., 696; C. C. R., 3 Jacobs; Fisher's Dig.; 3193.

The fact that a promise of future conduct is joined with the assertion of the existence of a fact does not vitiate the indictment, and is none the less a false pretence: Com. *v.* Hutchison, 1 Clark, 309; 2 Bishop Crim. Law, § 404, ed. 1868; State *v.* Dowe, 27 Iowa, 273, cited in 1st Am. Rep., 271; Com. *v.* Keeper county prison, 15 W. N. C., 282. The motive which induced the credit is for the jury: Com. *v.* Daniels, 2 Pars., 332.

*S. W. Dana* (*Samuel Griffith*, with him), for defendant in error.—Moved to quash the writ. This motion was argued with the main question.

I. (1.) The Act of May 19th, 1874, P. L., 219, does not authorize a bill of exceptions or a writ of error or a *certiorari* in this case: Pearson's Practice in Supreme Court, § 122; Commonwealth *v.* Moore, 3 Out., 570.

(2.) The writ should be quashed because it was not specially allowed as required by the statute.

(3.) A writ of error is the proper writ and not the writ of *certiorari.*

II. Should the court hold the *certiorari* sufficient to bring

[Commonwealth v. Wallace.]

up the record, then there was no error in quashing the indictment.

In the outset, the alleged false pretence, that none of the money deposited after June 21st should be applied to debts previously incurred, may be dismissed, as not a statement of an existing fact, but a promise of future conduct. Such a pretence is not within the statute against false pretences, as was held in Com. v. Hutchison, 1 Pa. Law J. Rep., 302, and Com. v. Moore, 99 Pa. St. R., 570, and many other cases.

The only false pretence then charged, in either count of the indictment, was, that the People's Savings Bank was perfectly solvent and had assets in excess of its liabilities. It is respectfully urged that this is not the " assertion of the existence of some fact, calculated to impose upon a man of common and ordinary caution." Solvency and excess of assets over liabilities mean one and the same thing—ability to pay one's debts. And in every transaction where credit is obtained, in buying goods, borrowing money, or in any other dealing, the representation of solvency by the person obtaining the credit is as clear and as strong as if expressed in words. A promise to pay carries with it the assertion of ability to pay; and this ability is solvency—excess of means over debts. Consequently, if such pretence were within the Act, in every case of failure to pay there would be criminality.

Again, solvency is not an existing fact. It is rather a judgment, or opinion, derived from a great multitude of facts. There is necessarily involved the estimate as to value of properties, the solvency of debtors, and the estimate of debts.

Again, such an opinion would not impose upon a man of ordinary caution. No man of ordinary prudence would give credit upon the applicant's own opinion or statement of his solvency. He would go a step further, and ask for a statement of the facts upon which solvency is inferred, the different properties and other means possessed, and the amounts of debts owing; so that he may judge for himself and not act upon the opinion of another.

Upon a very extended search, no case has been found where there was not some specific averment—none where the alleged averment was so general as in this case.

The other side has cited none. The following are some of the representations held sufficient:

" That he had in Col. Ellis's hands, his guardian, who had retired from business with a large estate, a large amount of property, to wit: $2,000 per year belonging to him:" Com. v. Hutchison, 1 Clark, 302.

" That he possessed a capital of $8,000; that said $8,000 had come through his wife, her estate; part had come into his

possession, a part would in a month, and all soon : " Com. *v.* Burdick, 2 Barr, 163.

" That he was joint owner with his father of a number of cows and other stock : " People *v.* Kendall, 25 Wend., 399.

" That he had then no note protested for non-payment; was then solvent and worth from $9,000 to $10,000 ; was perfectly easy in his money concerns; had no indorsers and had never indorsed more than one note : " People *v.* Haynes, 14 Wend., 546.

" Owned real estate on Pasysunk road worth $7,000, and had personal property and other means to meet his liabilities, and was in good credit at the Phila. bank : " Com. *v.* McCrossin, 3 Pa. L. J., 219.

" That he had a capital of $2,000 : " Com. *v.* Poulson, 6 Pa. L. J.

And so all the cases referred to in the text writers have some specific fact stated : See Wharton's Crim. Law, vol. 2, sec. 1135 *et seq.*; See Bishop's Crim. Law, vol. 2, sec. 124, *et seq.*

In Com. *v.* Hickey, 1 Clark, 436, Trunkmaker said he would pay his note (for former purchases) when due, that he was doing well, had 20 hands in his employ. Held insufficient.

The indictment should be quashed because it is found by the grand jury that the money was gotten by means of both the pretence and the promise. If the indictment had charged the pretence alone, admitting its sufficiency, the proof would have been sufficient, even though it showed that the deposit was partly induced by the promise. And if no motion to quash, the court might not arrest the judgment, because it would be presumed that the court excluded from the jury the consideration of the promise. But the point made here is that the indictment is not properly found. No person can be put to trial till the grand jury have first passed on the offence, and duly presented the defendant. In this case they have presented that the prosecutor deposited the money by reason of " the said false pretences," to wit : the pretence and the promise. The court cannot see but that it was by reason of the promise alone.

Mr. Justice TRUNKEY delivered the opinion of the court, November 1st, 1886.

It is contended by the defendant that the Commonwealth is not entitled to a writ of error, or *certiorari* in this case. Reference is made to Commonwealth *v.* Moore. 99 Pa. St., 570, where one of the judges was of opinion that the writ should be quashed; the court, however, sustained the writ and affirmed the judgment.

The Criminal Procedure Act of 1860, § 33, provides that any person indicted, may remove the proceedings therein into the Supreme Court, provided that said court, or one of the judges thereof, or the attorney general, allows the writ upon sufficient cause.   Other sections provide for bills of exceptions by defendants, and allowance of writs of error on their application, in cases of felonious homicide.   The Act of May 19th, 1874, provides that in the trial of all criminal cases, the defendant may except to any decision of the court, in the same manner as is provided and practiced in civil cases, and in case of nuisance, or forcible entry, or detainer, the Commonwealth also may except to any decision in like manner ; and in cases exclusively triable in the courts of Oyer and Terminer and general jail delivery, " the accused, after conviction and sentence, may remove the indictment, record, and all proceedings into the Supreme Court," and in all other cases " writs of error and *certiorari* may be issued to all criminal courts, when specially allowed by the Supreme Court or any judge thereof."

A view of the statutes reveals the purpose to secure to defendants, or accused persons, the right of removal and review ; not to take away any right from the Commonwealth.   For reasons patent to every one familiar with the character of cases of nuisance, forcible entry, and detainer, the Commonwealth, as well as the defendant, is clothed with right to except to decisions of the trial court; but that grant takes away no power as respects other cases.   Since the Act of 1860, it has been decided that the powers of this court are competent to the review of any judicial record, when no statutory restraints have been imposed, and that the district attorney may take out a writ of error or *certiorari* without special allowance : Commonwealth v. Capp, 48 Pa. St., 53.   In the conduct of criminal cases, the district attorney in each county is vested with all the powers which formerly belonged to the deputy attorney general: Gilroy v. Commonwealth, 105 Pa. St., 484.   To erroneous decisions made in the trial which may cause the acquittal of the accused, except in the three misdemeanors already mentioned, the Commonwealth cannot except, and such decisions cannot be reviewed.   But for error in quashing an indictment, arresting judgment after verdict of guilty, and the like, the Commonwealth may remove the record for review without special allowance of the proper writ.

The defendant further contends that if any writ can be taken it is a writ of error and not a *certiorari*.   It cannot be gainsaid that it is bad practice to take a *certiorari* in a case like the present, although in fact it brings up the record as would a·writ of

error. It is conceded that either writ has been used, some-
times one and sometimes the other, for the same purpose. This
court, where the cause has been prepared and heard on its
merits, has considered it as if brought up by writ of error, as
in the late case of Commonwealth *v.* Moore, *supra.* Were
this writ quashed the Commonwealth could immediately take
out the proper writ; and, as the case has been fully heard on
the merits, it seems better that the real question be deter-
mined.

The indictment charges that the defendant did pretend
" that the assets of said People's Savings Bank were largely in
excess of its debts and liabilities, and that said bank was per-
fectly solvent and able to pay all its debts and liabilities." Was
this a pretence within the statute ? Persons in the transac-
tion of business understand that a solvent man is able to pay
his debts. The phrase respecting the large excess of assets
over liabilites, and the statement that the bank was able to
pay all its debts, emphasized the representation that it was sol-
vent. It may be that when a man buys goods on credit, or
borrows money, by such act he represents himself to the credi-
tor as solvent, but it is not so understood by persons in busi-
ness. If the debtor says nothing as to his solvency or prop-
erty, the creditor does not understand that he represents any-
thing. A note or other obligation for the payment of money,
by usage, does not mean a pretence of ability to pay; but the
giving of a bank check by usage is a pretence that there is
money in the bank subject to the check. Acts may amount
to a pretence as well as words.

In State *v.* Tomlin, 5 Dutcher, 13, the pretence by the de-
fendant to the prosecutor was, that a third person was insol-
vent, largely indebted, possessed of small means, and unable
to pay his debts in full. It was held that the pretence was
matter of fact, not mere opinion, and the indictment was sus-
tained. The word " insolvent " signified that the third per-
son was unable to pay, but the added phrases gave emphasis
to the representation. It may be more difficult to establish to
to the satisfaction of a jury that a false representation of sol-
vency, without more, was made with fraudulent intent, or that
it induced the prosecutor to part with his property, than it
would be were such representation accompanied by a detailed
false statement of the property and liabilities of the person
represented as solvent. This being so, it is not for the court
to say that a positive statement of the fact of solvency is only
the expression of an opinion.

The indictment avers that " in truth and in fact the assets
at the time of making the representation aforesaid, were not
in excess of its debts and liabilities, and said People's Savings

[Commonwealth v. Wallace.]

Bank was not solvent and able to pay all its debts and liabilities." That seems a sufficient negative of the pretended facts.

The remaining objection to the indictment is, as alleged in the reasons for quashing it, that it charges that the money was obtained by both a pretence and a promise, and so far as the court can know, the promise alone may have induced the prosecutor to part with his money.

The defendant concedes that if the indictment had charged the pretence alone, admitting its sufficiency, the proof would. have been sufficient, even though it showed that the deposit was partly induced by the promise. Nor is it claimed that, should the defendant be convicted on this indictment, the court would arrest the judgment because the promise is set out therein. It is settled that when a pretence and promise are made together, and both operate in the inducement, the case is within the statute, if the pretence of a false existing or past fact be sufficient. Indeed, when they are blended, it may be difficult to prove one without the other; and equally difficult to fairly state the pretence without the accompanying promise, in the indictment. Both may be proved, and the jury determine whether the prosecutor would have parted with his property without the pretence. If the grand jury act intelligently, they would no more likely find a true bill on the promise alone, than the petit jury would a verdict of guilty. They hear the testimony of the blended pretence and promise, and that both are in the indictment can work no prejudice to the defendant.

In State v. Dowe, 27 Iowa, 273, the defendant demurred to the indictment, and the demurrer was overruled, the court remarking, "The fact that a promise is combined with a false pretence does not take away the crimimal character of the act." That case is meagrely reported, yet it seems the indictment, setting forth pretence and promise, was sustained. The case of Reg. v. West, 8 Cox's C. C., 12, is when the pretence was blended with a promise, and it appears both were alleged in the indictment, but no question was raised as to the practice.

We are not convinced that the indictment is fatally defective, and, therefore, are bound to say that the order quashing it is erroneous: Com. v. Church, 1 Pa. St., 105.

Judgment reversed, and procedendo awarded.
Record remitted.