# Commonwealth of Pennsylvania, Appellant, *v.* W. C. Cassell.

*Nuisance—Projecting house—Burden of proof—Instructions.*

In a case for trial of a public nuisance occasioned by alleged projection of a house beyond the street lines, the burden of proof is upon the commonwealth, and it is not error for the trial judge to call the attention of the jury to the uncertainty of the proof as to the side lines of the street.

*Practice, Q. S.—Nuisance—Forcible detainer—Right of commonwealth to except.*

In cases of nuisance and forcible entry and detainer the commonwealth, as well as the defendant, is clothed with the right to except to decisions of the trial court.

*Practice, Super. Ct.—Criminal law—Motion to quash—Appeal.*

The practice on appeals is the same in the Superior Court as it is in the Supreme Court, and an appeal taken in the name of the commonwealth by the district attorney will not be quashed when founded on exceptions taken in a case for trial of a public nuisance, although there has been no special allowance of the appeal by the Superior Court.

Argued March 11, 1896. Appeal, No. 12, March T., 1896, from judgment of Q. S. Dauphin Co., June T., 1894, No. 184, on verdict in favor of defendant. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Indictment for maintenance of nuisance.

The case was tried before SIMONTON, P. J. and the facts sufficiently appear from the charge of the court, which was as follows:

Gentlemen of the jury, you have heard the testimony in this case. It is a prosecution which has been brought here by a private party ; of course, it is in the name of the commonwealth ; it is a criminal prosecution, and the allegation is that the defendant is maintaining a nuisance. It is said that he has his house sixteen (16) inches over the line of Market street out between Sixteenth and Seventeenth streets in the city of Harrisburg. [1] According to the plat, when it was laid out originally by the commissioners when the map was made, Market street was to be eighty (80) feet wide, and it has been ordered

to be laid out eighty feet wide at some places. There is no evidence in the case that it was ordered to be laid out eighty feet wide or any other width so far as I remember between Sixteenth and Seventeenth streets. If I am wrong in that you correct me. There is no evidence in the case (Mr. Dull: It was dedicated to be eighty feet wide) that it was to be eighty feet wide; there is no evidence that it ever was laid out eighty feet wide between Sixteenth and Seventh streets; and not only that, but there is really no evidence that it ever was laid out at all so far as appears in this case. [2] There has been no evidence given to show that it was laid out at all between Sixteenth and Seventeenth streets. There has been evidence that the city put in a couple of inlets for water; they may have put them in the street, or they may have put them in intending to lay out the street, but there has been no testimony given in the case that the street ever was laid out; and the only evidence that has been given tending to show that the defendant is over the line is, starting from the other side of the street, from the curb, and measuring over, you do not get the whole distance, taking sixteen inches off the eighty feet, you do not get the rest of the whole distance before you get to his house, not within sixteen inches. If you are right, if you start there, then he is inside of the eighty feet. But there is no evidence here to show that that is the correct line; that is assumed, that is taken for granted, and it may be the correct line, but it has not been proved that it is; and when you come to convict a man of a criminal offense, you have to be satisfied beyond a reasonable doubt, else you cannot convict him of an offense of this kind, and besides he put his house where the engineer told him to put it. [3] This is a trifling prosecution, and unless you are satisfied beyond a reasonable doubt that this man has encroached on the street, unless that has been made out to your satisfaction, it is your duty to acquit him, and if you acquit him then you have to dispose of the costs, and you have the right to put them on one party or upon the other or upon the county. [4]

Commonwealth's attorney asks for an exception.

The Court: The commonwealth does have exceptions in prosecutions for nuisance, and an exception is therefore allowed and sealed.

*Errors assigned* were, (1–5) errors in the instructions of the court, reciting same; (6) in refusing a motion for new trial and sentencing the prosecutor to pay the costs of the prosecution.

*Casper Dull, Meade D. Detweiler*, district attorney, with him, for appellant.

*John G. Gilbert* and *C. H. Bergner*, for appellee.

OPINION BY ORLADY, J., April 13, 1896:

This is an appeal by the commonwealth without special allowance of the writ by the Superior Court, and it is contended by appellee that the appeal should be quashed.

It is clearly held that in cases of nuisance, forcible entry and detainer, the commonwealth, as well as the defendant, is clothed with right to except to decisions of the trial court; but that grant takes away no power as respects other cases. Since the act of 1860 it has been decided that the powers of this court are competent to the review of any judicial record, when no statutory restraints have been imposed, and that the district attorney may take out a writ of error or certiorari without special allowance: Commonwealth v. Capp, 48 Pa. 53. In the conduct of criminal cases, the district attorney in each county is vested with all the powers which formerly belonged to the deputy attorney general: Gilroy v. Commonwealth, 105 Pa. 484. For error in quashing an indictment, arresting judgment after verdict of guilty, and the like, the commonwealth may remove the record for review without special allowance of the proper writ: Commonwealth v. Wallace, 114 Pa. 405.

This appeal is prosecuted in the name of the commonwealth by the district attorney of Dauphin county, and the practice is the same in this court as in the Supreme Court.

The motion to quash the appeal is overruled and the appeal considered as properly taken.

It is agreed by counsel that the only question in the case was one of fact. "Did the commonwealth sufficiently prove that Mr. Cassell's house was beyond the building line of Market street between Sixteenth and Seventeenth streets?"

The defendant offered no testimony. The burden was upon the commonwealth to satisfy the jury beyond a reasonable doubt that the defendant's house encroached on Market street.

The trial judge fairly submitted all the evidence adduced by the commonwealth to the jury, and it was not error to call their attention to the uncertainty in the proof adduced in regard to the side lines of Market street, and the location of the defendant's building on the line of a street that had not in fact been laid out or its width determined between Sixteenth and Seventeenth streets. ·

The assignments of error are overruled, the judgment is affirmed and record remitted.