## Commonwealth, Appellant, *v.* Supansic.

*Criminal procedure—Extortion—New trial—Discretion of court.*

An appellate court will not interfere with the action of the court below in granting a new trial, in a criminal case, where the trial judge expressly states that he is not satisfied that the defendant had a fair and impartial trial and that the jury was influenced only by the evidence in the case they were sworn to try.

No appeal lies at the instance of the Commonwealth from an order granting a new trial, after a verdict of guilty in a prosecution, for extortion, where the action of the trial court resulted from an apprehension that the jury might have been influenced by certain occurrences incidental to the trial of a similar case.

In criminal cases, no appeal lies at the instance of the Commonwealth, except where the offense charged is nuisance, forcible entry and detainer, or forcible detainer or unless the appeal is from a judgment in favor of the defendant upon certain questions of law, such as are involved under a motion to quash, or a demurrer to an indictment, or under a motion in arrest of judgment.

An order granting a new trial is not, as a general proposition, kindred to one quashing an indictment or arresting a judgment.

Argued October 3, 1927. Appeal No. 735, April T., 1928, from order of Q. S., Westmoreland County, November T., 1927, No. 29, in the case of Commonwealth, Appellant, v. Lawrence Supansic. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Appeal dismissed.

Indictment for extortion. Before Potter, P. J., Seventeenth District, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty. Subsequently upon motion of defendant, the court awarded a new trial. Commonwealth appealed.

*Error assigned* was the granting of defendant's motion for a new trial.

*John R. Keister,* District Attorney, for appellant.

*James Gregg,* and with him *Curtis H. Gregg,* for appellee.

Opinion by Cunningham, J., March 2, 1928:

This appeal is by the Commonwealth from an order of the president judge of the seventeenth judicial district, specially presiding in the Court of Quarter Sessions of Westmoreland County, granting a new trial to Lawrence Supansic, a constable, convicted of the crime of extortion. The new trial was not granted for any of the reasons set forth in the motion therefor but, as stated in the opinion, the court below "would have refused to grant the new trial but for [the other] reasons distinctly set forth, which, in its opinion, control the whole case" and do not involve the consideration of oral evidence: Class and Nachod Brewing Co. v. Giacobello, 277 Pa. 530. Under these circumstances the way is clear, if the Commonwealth has the right to take this appeal, for us to consider whether there has been an "abuse of discretion" (as that phrase was interpreted by our late President Judge Rice in Commonwealth v. Shaffer, 52 Pa. Superior Ct. 230) in making the order appealed from: Jones v. P. R. R. Co., 289 Pa. 424, and Class and Nachod Brewing Co. v. Giacobello, supra. In brief, the new trial was granted

because of an apprehension in the mind of the trial judge that certain occurrences incidental to the trial of a similar case about the same time may have had such a prejudicial influence upon the jury that the sworn testimony in this case was not the sole basis for the verdict. These occurrences are stated in the opinion hereinafter discussed.

But we are directly confronted with the question whether in a criminal case the Commonwealth has a right to appeal from an order granting a new trial to a defendant against whom a verdict of guilty has been rendered—a proposition upon which we do not seem to have had a direct ruling in Pennsylvania. Under the common law, as understood and administered in the United States, the state has no right to an exception or appeal in a criminal case unless it is expressly conferred by statute or unless the appeal is from a judgment in favor of a defendant upon certain questions of law, such, for instance, as are involved under a motion to quash, or a demurrer to, an indictment, or under a motion in arrest of judgment. The statute in Pennsylvania modifying the common law rule is the Act of May 19, 1874, P. L. 219, (as affected by the Act of May 19, 1897, P. L. 67, Sec. 22) which, after providing for the taking of exceptions and appeals by defendants in criminal cases, further enacts that "in cases charging the offense of nuisance or forcible entry and detainer, or forcible detainer, exceptions to any decision or ruling of the court may also be taken by the Commonwealth," etc. This act and the Criminal Procedure Act of 1860 were considered by our Supreme Court in Commonwealth v. Wallace, 114 Pa. 405. The charge there was obtaining money by false pretenses. The court below quashed the indictment; the Commonwealth appealed; and the Supreme Court reversed with a procedendo. In disposing of the contention that the Commonwealth was

not entitled to a writ of error the Supreme Court, after reviewing the legislation, said: "A view of the statutes reveals the purpose to secure to defendants, or accused persons, the right of removal and review; not to take away any right from the Commonwealth. For reasons patent to every one familiar with the character of cases of nuisance, forcible entry, and detainer, the Commonwealth, as well as the defendant, is clothed with right to except to decisions of the trial court; but that grant takes away no power as respects other cases. Since the Act of 1860, it has been decided that the powers of this court are compe-. tent to the review of any judicial record, when no statutory restraints have been imposed, and that the district attorney may take out a writ of error or certiorari without special allowance: Commonwealth v. Capp, 48 Pa. Ct. 53. . . . . . . To erroneous decisions made in the trial which may cause the acquittal of the accused, except in the three misdemeanors already mentioned, the Commonwealth cannot except, and such decisions cannot be reviewed. But for error in quashing an indictment, arresting judgment after verdict of guilty, and the like, the Commonwealth may remove the record for review without special allowance of the proper writ." As to the granting of new trials in the three excepted cases see Commonwealth v. Wallace et al., 7 Pa. Superior Ct. 406.

In Commonwealth v. Curry, 4 Pa. Superior Ct. 356, the court below set aside a verdict of guilty upon the ground of the unconstitutionality of certain portions of the act of assembly upon which the indictment was based and discharged the defendant. This was clearly a "like" case and this court upon appeal by the Commonwealth reversed; in Commonwealth v. Cassell, 1 Pa. Superior Ct. 476, in which the indictment charged the maintenance of a nuisance, this court reviewed at the instance of the Commonwealth alleged errors in

the charge. Although no exception was taken to the quashing of the indictment for false pretenses in Commonwealth v. Sober, 15 Pa. Superior Ct. 520, this court on appeal by the Commonwealth reversed. The present state of our law therefore seems to be that, exclusive of the three misdemeanors specified in the statute, the classes of judgments in criminal cases reviewable at the instance of the Commonwealth are those quashing an indictment or arresting judgment "and the like." It cannot properly be said that an order granting a new trial is, as a general proposition, kindred to one quashing an indictment or arresting judgment. Whether an indictment should be quashed or a judgment arrested is not a matter involving the exercise of judicial discretion and to be determined "in accordance with what is fair, equitable and wholesome, as determined by the peculiar circumstances of the case, and ...... guided by the spirit, principles and analogies of the law" (Gaar, Scott and Co. v. Nelson, 148 S. W. 417), but requires the strict application of fixed principles of law to the issues properly before the court. Issues of fact, touching the guilt or innocence of the defendant, are not involved; in one case the judgment is a final judgment that as a matter of law the defendant is not required to plead and in the other that although found guilty he must be discharged because of some defect appearing upon the face of the record. For a mistake of law in entering either of these judgments against it the Commonwealth has the right to appeal. When we consider the variety of grounds upon which new trials have been and may be ordered we are not prepared to hold that the Commonwealth can never appeal from such an order, but we are of opinion that there is no warrant in any statute or controlling decision for this appeal and that it should therefore be dismissed.

We are further of opinion that, even if the Com-

monwealth were entitled to a review, it has not shown a "palpable abuse of power." The defendant was found guilty of having corruptly demanded and received, by color of his office, the sum of $100 for procuring the settlement of a liquor case. In the opinion granting a new trial (which we may examine for the purpose of ascertaining the grounds of the decision, Com. v. Shaffer, supra,) the trial judge states that upon his arrival at the county seat on Sunday evening, preparatory to conducting trials in that county during the week beginning Monday, February 14, 1927, he was informed by different persons of the trial, during the latter part of the preceding week, of a similar case against another constable and a member of the bar in which public sentiment had been aroused to an unusual degree and in which the verdict had not then been rendered. The opinion then proceeds:

"The jury that heard the present case belonged to the same panel from which was drawn the jury that sat on the other case, heard the case tried, and were in the court room on Monday morning when the verdict in the sensational case was rendered. It has been suggested that the present jury may have been influenced in their verdict by that of the other jury. This may be true, or it may not. It should be the aim at all times of the trial judge to see to it that every defendant has a fair and impartial trial, and that the verdict rendered is one not in any way influenced by anything outside of the evidence produced, nor dare there be even the suspicion of it. So far as we are concerned we think this defendant had a fair trial so far as the trial itself is concerned, but so far as concerns any influence upon the jury by the verdict of the other jury, and the spirit of public sentiment prevailing, we can not say.

"Under this state of affairs, for which we are not responsible, in order to clear the atmosphere of any

suspicion of influence upon the jury by the other verdict, we think this defendant should have his case heard before another jury."

In his history of the case the district attorney takes issue with the facts as stated by the trial judge; asserts that the jury in the present case was drawn from a different panel; and denies that they heard the other case tried or were in the court room on Monday morning when the verdict in that case was rendered. If the trial judge was mistaken about these facts his attention should have been called to the matter by an application for a reargument of the motion for a new trial or in some other appropriate way. We cannot accept statements in the history of the case when they are in conflict with the record as certified. Nor is an appellate court to substitute its discretion for that of the trial judge or set aside his action even if it would have acted differently under the same circumstances: Commonwealth v. Shaffer, supra. It was the duty of the trial judge to see that the defendant had a fair and impartial trial and that the jury was influenced only by the evidence in the case they were sworn to try. When, with full knowledge of all the circumstances, he expressly states that he is not satisfied that this defendant had such a trial an appellate court should not interfere with his action in granting a new trial.

The appeal is dismissed at the costs of appellant.