498 A.2d 975

**COMMONWEALTH of Pennsylvania**

v.

**Robert DAVID, Appellant.**

Superior Court of Pennsylvania.

Submitted June 4, 1985.

Filed Sept. 27, 1985.

Albert J. Flora, Jr., Assistant Public Defender, Wilkes-Barre, for appellant.

Joseph Giebus, Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before SPAETH, President Judge, and MCEWEN and BECK, JJ.

BECK, Judge:

Arguing that the money he withdrew from his brother and mother's bank account was the property solely of his brother and mother, appellant contests in this appeal the sufficiency of the evidence and the propriety of the jury instruction used to convict him of theft of bank property by deception. For the following reasons, we affirm the judgment of sentence.

Appellant was charged with theft by deception, 18 Pa.C.S. § 3922, of money belonging to United Penn Bank. At trial, the Commonwealth established that appellant had forged his brother's signature on an account withdrawal slip and had used the forged slip to withdraw $900 from his brother and mother's savings account at United Penn Bank. After the Commonwealth closed its case-in-chief, appellant demurred to the sufficiency of the prosecution's evidence on the ground that the Commonwealth had not proven that the money taken by appellant was the property of the United Penn Bank. Following the trial court's denial of appellant's demurrer, the defense rested. The trial court instructed the jury that the money withdrawn by appellant from his brother and mother's account belonged to United Penn Bank. The jury convicted appellant of taking the bank's property by deception. Appellant's post-verdict motions

were denied, and appellant was subsequently sentenced to a prison term of eight to twenty-four months and was ordered to pay court costs and make restitution of the $900 within six months after his release from prison. Thereafter, appellant's motion to modify sentence was denied, and appellant timely filed this appeal.

Because appellant did not present a defense after the trial court's adverse ruling on his demurrer, the propriety of the ruling on the demurrer constitutes an issue preserved for appellate review. *Commonwealth v. Hammock*, 319 Pa.Super. 497, 466 A.2d 653 (1983). A trial court is justified in denying a defendant's demurrer if the Commonwealth has adduced sufficient evidence of each and every element of an offense to support a determination that the defendant is guilty of the offense beyond a reasonable doubt. *Commonwealth v. Turner*, 491 Pa. 620, 421 A.2d 1057 (1980).

In the present case, appellant was accused of violating Section 3922 of the Crimes Code wherein

[a] person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression ...;

(2) prevents another from acquiring information which would affect his judgment of a transaction; or

(3) fails to correct a false impression which the deceiver previously created or reinforced....

Appellant's demurrer attacked the sufficiency of the Commonwealth's evidence on only one element of the Section 3922 offense, namely, whether the withdrawn money was, as the criminal information charged, the property of United Penn Bank. Thus, appellant's demurrer impliedly conceded the sufficiency of the Commonwealth's evidence on the remaining elements of the alleged offense, i.e., of appellant's intent to deceive United Penn Bank by knowingly

presenting a forged withdrawal slip as authorization to take funds to which appellant was not entitled.

Accordingly, we confine our discussion to whether the withdrawn $900 was, as the Commonwealth averred, the property of United Penn Bank or, as appellant contended, the property of appellant's brother and mother.

■ It is beyond cavil in Pennsylvania that

> [m]oney deposited in a bank ceases to be the money of the depositor and becomes the money of the banking institution in which deposited. It is the business of a bank to receive money on deposit and use it as its own, being accountable as debtor to the depositor for the money so deposited which may be subject to check or draft or payment upon notice or demand as the parties may agree.... [T]he relation of a bank to its depositors ... [is] one of debtor and creditor....

*Prudential Trust Company's Assignment,* 223 Pa. 409, 413, 72 A. 798, 799 (1909); *In re Erie Forge & Steel Corp.,* 456 F.2d 801 (3rd Cir.1972); *Smith's Estate,* 141 Pa.Super. 571, 15 A.2d 523 (1940); *Hober's Estate,* 118 Pa.Super. 209, 180 A. 140 (1935). In other words, money deposited in a bank becomes "a part of the general fund of the bank," *New York County National Bank v. Massey,* 192 U.S. 138, 145, 24 S.Ct. 199, 200, 48 L.Ed. 380 (1904), and comprises "the property of the bank in the sense that the bank may use it as its own" subject to the obligation to repay a depositor upon receipt of a mutually agreeable demand for repayment. *In re Erie Forge & Steel Corp.,* 456 F.2d at 804.

Therefore, we conclude that the $900 taken by appellant was the property of United Penn Bank and that the trial court properly denied appellant's demurrer and appropriately instructed the jury to regard the withdrawn money as bank property.

The judgment of sentence is affirmed.