## Commonwealth v. Kovalchick

36

C.P. of Schuylkill County, no. 494-1994.

*Claude A.L. Shields, district attorney,* for Commonwealth.

*Richard A. Makoul,* for defendant.

DOMALAKES, *J.,* April 17, 1995—The instant matter involves defendant's habeas corpus motion in which he argues that the evidence presented at the preliminary hearing is insufficient to establish a prima facie case on the charges filed against him. The defendant is charged with theft by deception and receiving stolen property. The evidence produced at the preliminary hearing established that on February 10, 1994, he cashed a cashier's check at the Union Bank in the amount of $5,110.42, on which there was a garnishment order. The defendant argues that the cashier's check was drawn

in favor of the defendant and that the bank was merely releasing his own funds to him by cashing it. He also argues that the Commonwealth failed to establish that there was a present garnishment order in effect at the time that he presented the check for payment and also argues that even if the garnishment order was in effect, that the matter is essentially a civil matter between R/S Financial, in whose favor the garnishment was imposed, and the defendant.

The parties have agreed that the court may resolve the issues raised in the defendant's motion by reference to the transcript of testimony given at the preliminary hearing and consideration of the briefs of the parties.

A review of the record of the preliminary hearing reveals that the Commonwealth did produce evidence to the effect that the defendant's funds were the subject of garnishment at the time defendant cashed the check. (Transcript of preliminary hearing, 6/29/94 pp. 9, 10.) Furthermore, the Commonwealth presented evidence establishing that the defendant was aware of the fact that the check represented monies that were subject of the garnishment as he admitted that fact to bank officials the day after the check had been cashed when they went to visit the defendant to request that he return the money. (Transcript, 6/29/94 p. 12.) The evidence further established that defendant is in the coal business and had been required to pledge certain certificates of deposit that he owned to the Pennsylvania Department of Environmental Resources as security for certain actions required of him by law in connection with his coal mining business. The Department of Environmental Resources had released its claim to the funds, after which defendant withdrew the funds from the bank by cashing seven separate cashier's checks made payable to him. The check that he cashed on February

10, 1994 was the last of those seven checks. However, all of defendant's funds in the Union Bank were also the subject of a garnishment in favor of R/S Financial. At issue is whether the defendant's withdrawal of those funds would constitute theft by deception under the above circumstances.

The Commonwealth must present evidence at the preliminary hearing with regard to each of the material elements of the charges against the defendant and establish sufficient probable cause to warrant the belief that the accused committed the offense charged. *Commonwealth v. Harvin,* 346 Pa. Super. 575, 500 A.2d 98 (1985). Although the Commonwealth need not produce evidence of such character or quantum of proof as to require a finding of the accused's guilt beyond a reasonable doubt, the evidence must be such that if presented at trial, and if accepted as true, a judge would be warranted in allowing the case to go to the jury. *Commonwealth ex rel. Scolio v. Hess,* 149 Pa. Super. 371, 27 A.2d 705 (1942).

Theft by deception is defined in section 3922 of the Crimes Code which provides: "[a] person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally: (1) creates or reinforces a false impression . . . ; (2) prevents another from acquiring information which would affect his judgment of a transaction; or (3) fails to correct a false impression which the deceiver previously created or reinforced ... . " 18 Pa.C.S. §3922.

Defendant argues that there was insufficient evidence produced at the preliminary hearing to prove that he committed any act of "deception." He argues that he did not present any forged instrument nor did he say anything which was deceptive or false. However, it

has long been held that "deception" can be by conduct as well as words. *Commonwealth v. Wallace,* 114 Pa. 405, 6 A. 685 (1886). In *Wallace,* the section of the Crimes Code with which the defendant was charged was the predecessor to the modern offense of theft by deception namely, obtaining money by false pretenses. The defendant had provided a bank check in payment of a bill. When the check was not backed by sufficient funds, he was charged with obtaining goods or services by false pretenses and argued that he had not stated anything that was false or deceptive. The court held that "[a]cts may amount to a pretence as well as words." *Id.* at 412. The court held that the payment of a bill by a bank check by usage, is a pretense that there is money in the bank subject to the check. Likewise, in our case, the Commonwealth presented evidence to the effect that the defendant presented the cashier's check for payment to the bank knowing that it was subject to the garnishment of R/S Financial. As was the case in *Wallace,* the act of presenting the check for payment knowing that the funds were not available to the defendant constituted the "deception" requisite for the defense.

The defendant also argues that the monies he obtained from the Union Bank were his own and that, therefore, he did not obtain "the property of another." However, "[i]t is beyond cavil in Pennsylvania that [m]oney deposited in a bank ceases to be the money of the depositor and becomes the money of the banking institution in which deposited. It is the business of a bank to receive money on deposit and use it as its own, being accountable as debtor to the depositor for the money so deposited which may be subject to check or draft or payment upon notice or demand as the parties may agree. . . . [T]he relation of a bank to its depositors

. . . [is] one of debtor and creditor. . . ." *Commonwealth v. David,* 345 Pa. Super. 578, 581, 498 A.2d 975, 977 (1985).

The *David* court went on to state that money deposited in a bank becomes a part of the general fund of the bank and comprises "the property of the bank in the sense that the bank may use it as its own" subject to the bank's obligation to repay the depositor upon pledge by the depositor and receipt by the bank of a *mutually agreeable demand for payment. Id.* See also, *Erie Forge & Steel Corp.,* 456 F.2d at 801 (3rd Cir. 1972). Thus, the funds in the instant case were not the unencumbered property of the defendant as they were subject to the claim of R/S Financial and defendant was aware of this at the time that he presented the cashier's check for payment. As such, the bank did not have the obligation to repay the defendant the monies until the garnishment was lifted. Defendant's presentation of the cashier's check was not a "mutually agreeable demand for repayment." Under these circumstances we hold that the Commonwealth has presented a prima facie case against the defendant and deny his habeas corpus petition on the theft by deception charge.

Defendant is also charged with the offense of receiving stolen property defined as follows:

"Section 3925. Receiving stolen property

"(a) Offense defined.—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

"(b) Definition.—As used in this section the word 'receiving' means acquiring possession, control or title, or lending on the security of the property."

In *Commonwealth v. Stafford,* 424 Pa. Super. 591, 623 A.2d 838 (1993), the court held that in order to establish the offense of receiving stolen property the Commonwealth must specifically prove that the goods were actually stolen. In *Stafford* the Commonwealth had requested, and been granted, a jury instruction to the effect that the Commonwealth need only prove that the defendant "received or disposed of property of another." *Id.* at 594, 623 A.2d at 839. The defendant had requested a jury instruction to the effect that the Commonwealth had to prove that the goods in question were actually stolen. The Superior Court reversed the trial court and held that the Commonwealth had to prove that the goods involved were actually "stolen" rather than the defendant had merely received, or disposed "of the property of another." As discussed above, the offense of theft by deception requires only that the Commonwealth prove that the defendant obtained or withheld the "property of another by deception." Thus, we held that the Commonwealth had established the requisite elements of theft by deception. It did so by proving the existence of garnishment and the fact that the defendant was aware of its existence at the time he presented the check for payment. But the Commonwealth did not establish that the monies held by the bank had actually been "stolen." Thus, the offense of receiving stolen property has not been established.[1]

---

1. In *Stafford, supra,* the Commonwealth argued vigorously that changes to the Crimes Code had redefined the offense of receiving stolen property so as to eliminate the requirements that the Commonwealth prove that the goods were actually stolen. The Superior Court reasoned that despite the legislature's redefinition of the offense, the established case law mandated the necessity of the Commonwealth proving that the goods were actually stolen. The court held that the elimination of that requirement would create a situation in criminal

Finally, in its brief the Commonwealth indicated that it was amending the information to include a violation of 18 Pa.C.S. §4110 (defrauding a secured creditor). The Commonwealth may not amend the information in its brief to add a new charge. (See Pa.R.C.P. 229.) If the Commonwealth desires to pursue that charge, the proper procedure is for it to file a new complaint so that the defendant has the right to a preliminary hearing on that charge.

Accordingly, we enter the following:

## ORDER

And now, November 10, 1994, at 2:30 p.m. the defendant's habeas corpus motion on the theft by deception charge is denied. The defendant's habeas corpus motion on the receiving stolen property charge is granted and that charge is dismissed.

The Commonwealth's motion to add the charge of defrauding a secured creditor, made in the brief, is denied but leave is granted to the Commonwealth to file such an additional charge if it so desires.

-------

law wherein the defendant could be found guilty of a "victimless crime." It may very well be that the instant matter presents a situation where that would not be the case if the definition of the offense urged by the Commonwealth had been adopted. That is so because R/S Financial is now demanding that the Union Bank pay it the monies that the bank released to the defendant which were subject to the garnishment. As such, the bank is certainly not "victimless."