Com. of Pa., Appellant, *v.* Heiland.

Argued April 10, 1934.

Before TREXLER, P. J., KELLER, CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*P. G. Cober,* District Attorney, and with him *Joseph
Levy,* for appellant.

*John A. Berkey,* for appellee.

OPINION BY CUNNINGHAM, J., July 13, 1934:

The Commonwealth has appealed from an order of
the court below directing the district attorney of Som-

erset County to return to their owner, L. G. Heiland, seven slot machines, seized as gambling devices.

The record before us is somewhat confused through the improper intermingling of proceedings against the machines, themselves, under Section 60 of the Penal Code of March 31, 1860, P. L. 382, 398, 18 PS §1445, with criminal prosecutions against their owner, and the persons to whom he distributed them, under Section 55 of the Code, P. L. 397, 18 PS §1441, (as amended by the Acts of March 26, 1923, P. L. 32, and April 7, 1925, P. L. 185) for setting up gambling devices.

Regardless of the manner in which the pleadings were docketed and the order in which they were filed, the essence of the only proceeding with which we are now concerned was a return by officers of justice to the court below of the seizure of certain machines, alleged to have been "employed and used for the purpose of unlawful gaming," to the end that, if the evidence so warranted, the court should order them to be publicly destroyed.

The machines were seven in number; it was admitted of record that they were all of the same type— O. K. Vender Mills Company Mint Vending Slot Machine; they were seized December 3, 1932, by a constable and members of the state police force, without warrants; their numbers and the place of seizure, together with the names of the persons in whose possession and use they were found, were thus set out in the return.

No. 288517, in restaurant of C. J. Newman.

No. 278708, in confectionary store of Harry Jacobs.

No. 284526, in restaurant of Fred Vannear.

No. 287060, in restaurant of Charles E. Landis.

No. 278548, in restaurant of Herman H. Lehman.

No. 230885, in pool room of John Dahl and Charles Dahl.

No. 286871, in pool room of W. F. Gnagey.

The return was not actually filed until November 13, 1933, but, by leave of court, was then filed as of the date of seizure.

We need not review in detail the evidence adduced at the hearing on November 14, 1933, at which the Commonwealth, of course, had the affirmative of the issue.

It is sufficient to say that it established beyond question that the machines were manufactured by Mills Novelty Company, Chicago, Ill.; that they were of the same general type as the machines fully described in an opinion this day filed, In re: Petition of Superintendent of Police of the City of Philadelphia for Order to Destroy Gambling Implements, 113 Pa. Superior Ct. 520; and that the results of playing them—in so far as the receipt of mints and the possible ejection of one or more tokens or slugs are concerned—were precisely the same as those there set out in detail. This record is silent upon one matter discussed in the Philadelphia case—the possibility of converting the machines there involved into machines which would deliver nickels as well as tokens to a player.

But there was evidence in the case now at bar that Charles Dahl, one of the above named possessors of machine No. 230885, redeemed tokens delivered to one Frank Damico by that machine by giving him $2.50 in cash. The mints were supplied to the machines by Heiland at the rate of one cent per package.

For the reasons stated at length in the Philadelphia case, we are of opinion that the sale of mints from the machines here involved was, as there stated, "merely a cloak for the concealment of the real purpose served by the manufacture and distribution of the machines—the setting up of a gambling device." Upon consideration of all the testimony in this case,

we are convinced that it was sufficient to "satisfy" a judicial mind that each machine was employed and used for gambling.

A reading of the opinion, filed by the learned president judge of the court below, indicates that he did not feel free to consider and decide the issue arising under the return as an open question to be determined solely by the evidence adduced at the hearing on November 14th. A paragraph from his opinion reads: "This fact [i. e. whether the machines were gambling devices] as we have said before, is not an open or unadjudicated question so far as this court is concerned. The status of this machine was passed upon before in this court, and that decision remaining unappealed, is the law of the case."

From the record and briefs we gather this explanation of the paragraph. When the machines were seized Heiland was arrested as their distributor and each of the seven possessors and users was also arrested; each defendant was charged with setting up and establishing gambling devices in violation of Section 55. Heiland was indicted at No. 53, February Sessions, 1933, of the court below, and the informations against the other defendants were returned to the court below by the respective justices of the peace, but no indictments had been submitted to a grand jury at the time of the hearing in the present proceeding. The indictment against Heiland came on for trial early in 1933; the trial judge, feeling that he was bound by a ruling made by his predecessor (now counsel for Heiland) in certain habeas corpus proceedings instituted by Heiland in September, 1929, to the effect that a slot machine, then owned by Heiland and set up and operated, was not a gambling device, directed a verdict of not guilty and submitted only the question of costs to the jury.

The Commonwealth then appealed to this court. In

a per curiam opinion, filed July 14, 1933, (Com. v. Heiland, 110 Pa. Superior Ct. 188, 167 A. 439) we entered an order quashing the appeal upon the sole ground that the Commonwealth had no right, after a verdict of "not guilty," to have the case reviewed, even if it could show that the trial judge erred in directing such verdict.

We think the presiding judge in this proceeding was not bound by the decision of his predecessor in the 1929 case, either in the trial of the criminal case against Heiland, in 1933, or in the disposition of the issues arising under the present return. It does not appear in any way upon this record that the machine involved in the 1929 case was one of the seven here in question, or even of the same type.

Moreover, the present proceeding is *in rem* against the machines and we are not here concerned with any of the proceedings *in personam* against Heiland and the persons in whose possession they were found; the issues arise under separate sections of the Penal Code and are separate and distinct; and the burden of proof resting upon the Commonwealth varies in accordance with the nature of the issue.

Nor has the fact, referred to in the opinion, that Heiland was not present when the tokens were redeemed from one of his machines any significance in a proceeding against the machine. Much of the confusion, apparent throughout this case, would have been avoided by observing the distinctions to which we have referred. These machines were not seized by virtue of search warrants, issued under Section 59, for the purpose of being held until the discharge or conviction of the persons in whose possession they were found, as seems to have been the case in Com. v. Ajay, 16 D. & C. 49, cited by the court below, but were seized, without warrants, under Section 60 which prescribes a different method of procedure.

Nor are we persuaded that the court below erred, as is now contended by counsel for appellee, in permitting the return to be filed nunc pro tunc. The statute places upon the seizing officer the duty of making return in writing "to the next court of quarter sessions"—not the next "term" of the court of quarter sessions: Petition of District Attorney for Destruction of Gambling Devices, 19 Lackawanna Jurist, 200. We are not prepared to say that where officers have failed to perform a statutory duty at the time specified a court may not, in the exercise of its discretion, authorize them to perform that duty at a later date. Under all the circumstances here appearing, we think the court below was justified in the action taken in this case.

Further discussion would be merely a repetition of what we have said in the Philadelphia case, supra; the controlling questions here are identical with the questions considered in that case. In accordance with the conclusions there reached, the first assignment of error in this case is sustained.

The order of December 30, 1933, directing that the machines numbered and described in the return be surrendered to appellee, is reversed; and it is now here adjudged that they are forfeited as gambling devices, and it is ordered that they be forthwith publicly destroyed under the supervision of the district attorney of Somerset County.