## Commonwealth v. Stahl, Appellant.

Argued November 13, 1934. 

 Before
TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER and JAMES, JJ. 

*W. Hensel Brown,* of *Bard & Brown,* for appellant.

*Paul A. Mueller,* District Attorney, for appellee.

OPINION BY CUNNINGHAM, J., December 18, 1934:

Frank Stahl, appellant herein, is the owner of the eleven slot machines involved in this proceeding and has appealed from an order of the court below adjudging them forfeited and directing that they be publicly destroyed.

The order was made pursuant to the provisions of Section 60 of the Penal Code of March 31, 1860, P. L. 382, 398, 18 PS §1445. Under the authority therein conferred, the county detective of Lancaster County seized the machines in question, at the direction of the

district attorney, and made return in writing to the court below setting forth the nature and description of the machines, as well as the time, place and circumstances of the seizure. As directed in this section, the court fixed a time for hearing the parties. At this hearing the appellant, in the course of his testimony, admitted ownership of the machines; that they had been set up, used and employed as gambling devices; and that they could not be used for any purpose other than gambling for money.

The only defense suggested was that when appellant had been arrested, indicted, and entered a plea of guilty, some six months prior to the seizure with which we are now concerned, upon and to a charge of having set up certain other slot machines (which were seized and destroyed under Section 59 of the code) he withdrew the eleven machines now in question from operation and stored them in the basement of the home of a relative. The present seizure was made at that house and under circumstances which need not be detailed.

In view of appellant's admission that these eleven machines had been used for unlawful gaming for a period of some eight months prior to his arrest and indictment, we are of opinion that their withdrawal and storage, under the circumstances disclosed by this record, did not in any way affect the right of the Commonwealth to insist upon their destruction. See In re: Petition of Supt. of Police, 113 Pa. Superior Ct. 520, 173 A. 753, affirmed by the Supreme Court, 316 Pa. 449, and Com. v. Heiland, ibid., 534, 173 A. 759.

The order is affirmed.