## Gazo Appeal

*George Kerestes*, District Attorney, and *John Deutsch*, Assistant District Attorney.

*Albert P. Leonzi*, for respondent.

HEIMBACH, J., February 13, 1962.—Respondent, the alleged owner of the dice table, in his answer to the district attorney's rule for forfeiture of a dice table, questions the jurisdiction of this court, as he did at the

time of the hearing. We advised that we would rule on such objection at a later date. We overlooked so doing.

Such contention is without merit. We quote from Commonwealth v. Blythe, 178 Pa. Superior Ct. 575, at 578:

"Regardless of the manner in which the issue under §60 of the Act of 1860 is raised, the proceeding for forfeiture of property 'used for the purpose of unlawul gaming' is in rem. Com. v. Heiland, 113 Pa. Superior Ct. 534, 173 A. 759 . . . Gambling devices and money or merchandise identified as parts of the gambling operation are outlaw property and the jurisdiction of the quarter sessions to proceed in rem for an order of forfeiture cannot be ousted by the mere failure of an officer to perform an administrative duty. A return by the officer who made the seizure is a statutory method of initiating a forfeiture proceeding. But such action may originate in a petition for forfeiture by the district attorney or by the officer who seized the property regardless of whether any return was ever made, or by petition of the owner of the property seeking its return. Schuettler v. Maurer, et al., 159 Pa. Superior Ct. 110, 46 A. 2d 586; Mills Novelty Company's Appeal, 316 Pa. 449, 175 A. 548. What is essential in such proceeding, however initiated, is that the owner or possessor of the property be afforded the opportunity of a full hearing on the question whether the device together with the property seized, was used for the purpose of unlawful gaming . . ."

The instant matter originated in a petition for forfeiture by the district attorney and a full hearing has been afforded the owner of the property. We therefore hold, this being an action in rem, we have jurisdiction and the objection therefore is dismissed.