# Commonwealth, Appellant, *v.* James B. Forrest.

*Road law—Riding bicycle on sidewalk.*

The act of May 7, 1889, P. L. 110, providing a penalty for maliciously riding or driving any horse, or any other animal on a sidewalk, taken in connection with the act of April 23, 1889, P. L. 44, subjecting all persons using bicycles to the same restrictions as are prescribed by law in the case of persons using carriages, will sustain the conviction of a person for riding a bicycle on a sidewalk, and the imposition of the penalty provided by the act of May 7, 1889.

A sidewalk was constructed by abutting owners within the authorized roadway of a turnpike, with the consent of the turnpike company. A person was summarily convicted of riding a bicycle on this sidewalk, the informer being a resident on the road on which the sidewalk was constructed. *Held*, on an appeal from the summary conviction, (1) that it was no defense that the informer had not contributed to the original construction of the sidewalk; (2) that the consent of the turnpike company to the use of the sidewalk by bicyclers would not avail defendant; (3) that the fact that defendant and other bicyclers had used the sidewalk before without complaint was immaterial as a defense.

Argued May 14, 1895. Appeal, No. 136, Jan. T., 1895, by plaintiff, from order of Q. S. Union Co., Sept. T., 1894, No. 1, on an appeal for summary conviction. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Appeal by James B. Forrest from a summary conviction, and before P. L. Clingan, Esq., a justice of the peace, under the third section of the act of May 7, 1889, P. L. 110. Fine imposed, $6.00 and costs.

The case was tried by FURST, P. J., specially sitting, without a jury. The opinion of the court was as follows:

### FACTS FOUND.

"1. The Lewisburg and Mifflinburg turnpike road is a part or portion of the old Waterford and Erie turnpike, chartered under the act of 1812.

"2. George Kling, the informer, owns a lot sixty-six feet wide adjoining this turnpike road on the north side, in said East Buffalo township. The turnpike road is sixty feet in width. He became the owner of this lot in the year 1890.

" 3. About ten years ago a pavement, five feet in width, made of cinder and gravel, was constructed along this turnpike. It was constructed by, and under the management and direction of, the superintendent of said turnpike company.   Various persons contributed toward the expense of its construction, including the defendant.   It has been kept in repair by the turnpike company and by those persons desiring a sidewalk along the pike, voluntarily, ever since.   This pavement extended the whole distance of this lot and some distance farther. [8]

" 4. The informer, George Kling, did not build or erect this sidewalk along his premises.   It existed there at least five or six years before he became the owner of the lot.   There is no evidence that he ever contributed toward the erection of this sidewalk.   It is five feet in width, and it is wholly within the township of East Buffalo, some distance west of Lewisburg, in Union county. [9]

" 5. James B. Forrest, on July 9, 1844, rode on a bicycle over this sidewalk ; he committed no injury thereto.   It does not appear upon what part of the sidewalk he rode.   Before doing so, he asked and obtained permission of the manager of the turnpike company to ride thereon. [10]

" 6. This sidewalk was not erected by the predecessor in title of George Kling, but by neighbors generally in connection with the turnpike company.   The defendant did not, in riding over it on July 9, do so maliciously or with any intent to commit injury thereto.   His act in so doing was devoid of the least injury.   The sidewalk is wholly within the limits of the turnpike road or highway.   It is not upon lands adjoining the highway but upon the highway itself.   It is not maintained by George Kling or kept in repair by him.   It was built about the year 1883 or prior thereto. [11]

" 7. The defendant submitted certain propositions of fact which are incorporated herewith, with our findings thereon ; many of them, however, are embraced in our general findings.

" CONCLUSIONS OF LAW.

" 1. We find the following propositions of law, viz : That defendant did not violate the third section of the act of May 7, 1889, P. L. 110, and hence he could not be convicted thereunder. [1]

" 2. That defendant did not ride or drive any horse or other animal over this sidewalk or footway, and therefore he could not have done so willfully or maliciously. That riding a bicycle is not equivalent to riding or driving 'a horse or any other animal,' within the meaning of the third section of said act. [2]

" 3. That penal statutes cannot be extended by construction so as to embrace acts and persons not within either the purview or express meaning of the act.

" 4. That persons riding a bicycle are not embraced within the act of May 7, 1889, supra.

" 5. This act was intended to apply to sidewalks erected after its passage; but whether this be so or not defendant is not within its penal provisions. [3]

" 6. That the act of April 23, 1889, P. L. 44, was intended to regulate and define the rights, privileges and duties of persons using bicycles, etc., as a means of locomotion or of travel upon the public highways of this commonwealth, and hence has no application to the present case. [4]

" 7. That under the facts of this case there was nothing in the act of defendant in riding upon this footway, in East Buffalo township, which subjected him to a fine or prosecution for so doing. In connection with these findings, we incorporate our answers to the points submitted by defendant.

" 8. That defendant was improperly convicted and fined. That he is therefore entitled to be discharged, and hence relieved from said conviction. [5]

" 9. That judgment be entered in favor of the defendant."[6]

*Errors assigned* were, (1–6) to the conclusions of law as above, quoting them; (8–11) to the finding of facts as above, quoting them; (7) entering judgment for defendant; (12) entering the following decree: And now, November 14, 1894, the exceptions filed are dismissed. Defendant discharged. Cost of record arising in the quarter sessions to be paid by the county. All other costs of prosecution to be paid by George Kling, the prosecutor.

*J. M. Linn, D. H. Getz* and *P. B. Linn* with him, for appellant.—Penal statutes are construed as other statutes, with the

further rule that they are construed strictly when their penal provisions are invoked against one charged with violation : 18 Am. & Eng. Ency. of Law, 270 ; Bartolett v. Achey, 38 Pa. 273 ; Rex v. Loxdale, 1 Burrows, 447 ; act of February 12, 1795, 3 Sm. L. 197 ; Mayor v. Davis, 6 W. & S. 278.

It is competent for the legislature to regulate the use of the highways of the state, to restrict and forbid the use of such vehicles as bicycles or tricycles on the highway : Twilley v. Perkins, 77 Md. 252 ; State v. Collins, 16 R. I. 371 ; Collier v. Worth, L. R. 1 Exch. Div. 464 ; Taylor v. Goodwin, L. R. 4 Q. B. Div. 28 ; Parkyns v. Pries, L. R. 7 Q. B. Div. 313 ; 23 Am. & Eng. Ency. of Law, 382 ; Swift v. Topeka City, 43 Kansas, 671 ; City of Titusville App., 108 Pa. 600 ; Kittanning Academy v. Brown, 41 Pa. 272 ; State v. Yopp, 97 N. C. 447 ; In re Wright, 29 Hun, 358.

Where one of two constructions would lead to absurdity the other is to be adopted : Philadelphia v. Ridge Ave. Pass. Ry., 102 Pa. 190.

A turnpike is a public highway, differing neither in the responsibility for maintenance nor in any other particular from an ordinary highway : 28 Am. & Eng. Ency. of Law, 325 ; Com. v. Wallace, 114 Pa. 405 ; Com. v. Bradney, 126 Pa. 199.

The defendant was within the statute of May 7, 1889, without the act of April 23, 1889.

Bicycles are vehicles, and may be lawfully used upon streets. Their proper place is the roadway rather than sidewalks, and their use may be regulated by the legislature : 24 Am. & Eng. Ency. of Law, 119 ; State v. Collins, 16 R. I. 371 ; State v. Yopp, 18 Am. & Eng. Corp. Cases, 514 ; Com. v. Forrest, 3 Dist. Rep. 797 ; note in 47 Albany Law Jour. 404 ; Elliot on Roads, 635 ; note in 29 Cent. L. J. 412 ; note in 33 Cent. L. J. 263.

*Andrew A. Leiser, Wm. R. Follmer* with him, for appellee.— That this was not a proper case for a jury but to be tried as desertion cases and surety of the peace cases are tried, to wit, before the court without a jury, is shown by the cases of Commonwealth v. Johnston, 16 W. N. C. 349 ; Com. v. Waldman, 140 Pa. 89.

The act by its title shows that the prohibition of the third

section extends only to sidewalks erected in accordance with said act, and such prohibition cannot be extended to any other sidewalk.

Being wholly within the limits of the turnpike road, this act could not apply in any event, nor authorize the construction of such a sidewalk: Borough of Milesburg v. Green, 22 W. N. C. 180.

Riding a bicycle is not riding a horse, etc., within the meaning of this statute, so that, if it be assumed that this statute covers the sidewalk in question, still Forrest did not in any way violate its provisions.

We maintain that riding a bicycle upon a sidewalk is not " willfully and maliciously riding or driving any horse or any other animal upon or into " such sidewalk and within the prohibition of the act of May 7, 1889: 23 Am. & Eng. Ency. of Law, 375; Bucher v. Com., 103 Pa. 528; Com. v. Wells, 110 Pa. 463.

The act of April 23, 1889, was an enabling act passed at the instance of bicycle riders. As said by this court in Gieger v. The President, etc., of the Perkiomen and Reading Turnpike Road, decided April 29, 1895, " the act was solely for the benefit of the bicycler," and not for the purpose of limiting his privileges.

The act of April 23, 1889, is the earlier in date and therefore did not have in contemplation the penalties of the later act.

" Restrictions " are not " penalties," so that even if the two acts are read together the penalties of the latter act cannot by construction be visited upon the riders of bicycles.

In the construction of a penal statute the letter of the law cannot be extended: Stewart v. Com., 10 Watts, 306; Daggett v. State, 4 Conn. 60; Cone v. Bowles, 1 Salk. 205; 1 Bl. Com., 88.

A court cannot create a penalty by construction but must avoid it by construction, unless it is brought within the necessary meaning of the act creating it: Burgh v. State, 108 Ind. 132; W. U. Tel. Co. v. Wilson, 108 Ind. 308.

OPINION BY MR. JUSTICE DEAN, July 18, 1895:

A turnpike road, chartered as early as 1812, extends from the

borough of Lewisburg to the borough of Mifflinburg, with an authorized width of roadway of sixty feet.   Outside the borough of Lewisburg, and in the township of East Buffalo, is the village of Linnville, which is built up on both sides of and along the turnpike for the distance of about a mile.   Although most of the houses are along the turnpike, the village is regularly laid out, and to some extent built upon streets and squares.   For a mile on the north side of the turnpike, a smooth footwalk about four feet wide is constructed for the use of the residents of the village. This walk is within the limits of the sixty feet, which the turnpike company had appropriated for its highway, but the walk had been put there by permission of the company.   It had been constructed and kept up by contributions from the residents of the village and by the turnpike company, and had been in existence about ten years on July 9, 1894.   On that day, Forrest, the defendant, rode a bicycle on this walk, and on information made before a justice by George Kling, an owner of property fronting on it, was arrested for violation of the sidewalk act of May 7, 1889.   After hearing, judgment was given against him, and a fine of six dollars for the use of the school district, as directed by the act, imposed.   From this judgment, the defendant appealed to the court of quarter sessions, which after a rehearing, reversed and set aside the judgment, and from that the commonwealth appeals.   The controlling reason assigned for setting aside the judgment of the magistrate by the learned judge of the court below is, that a bicycle, not being " a horse or other animal," as specified in the act of May 7, 1889, no penalty can be imposed for propelling it upon a sidewalk.

The 3d section of the act is as follows :

" If any person or persons shall willfully and maliciously ride or drive any horse or any other animal, upon or into any boardwalk or sidewalk or foot way laid, erected or being on and along the side of any road or highway in any township of this commonwealth, or shall otherwise willfully break, injure or destroy the same, the person or persons so offending shall upon conviction thereof before any magistrate, etc., be sentenced," etc.

Standing by itself, we think this act, being penal in its provisions, would not have embraced the bicycle rider ; but read in connection with the act of 23d of April, 1889, an opposite conclusion is clearly warranted.   The last named act is as follows :

" Bicycles, tricycles and all vehicles propelled by hand or foot, and all persons by whom bicycles, tricycles and such other vehicles are used, ridden or propelled upon the public highways of this state, shall be entitled to the same rights and subject to the same restrictions in the use thereof, as are prescribed by law in the cases of persons using carriages drawn by horses."

The first named act imposed a penalty upon the driver of a horse who should willfully drive him upon any sidewalk in any township within the commonwealth; the last named act subjected the bicycle rider to the same restriction as the driver of the horse; the driver of the carriage and the bicycle have the same rights, and are subject to the same restrictions and penalties; the one by whip and lines drives his horse, with vehicle, upon the sidewalk; the other drives his vehicle upon it with his feet and legs. It will scarcely be disputed that a bicycler is within the spirit of the act; it is wholly improbable the legislature intended to exempt him. The sidewalk is for foot travelers, men, women and children; a very few years of observation and experience in the new mode of traveling by bicycle has resulted in the conclusion, that this vehicle is fully as dangerous to those walking on the same road as the carriage drawn by a horse. A carriage, with rider, weighing together two to three hundred pounds, propelled with the speed of a trolley car on a sidewalk, is full of peril to the life and limb of the foot traveler. No bicycler, with due regard to the safety and rights of his fellows, should demand the use, in common with foot travelers, of a walk with such a vehicle, and the intention of the legislature to debar him from such use is manifest, not only from the terms of the two acts, when read together, but also from the reason and spirit that prompted their passage.

To the argument here, that the act of May 7 only specifies the driving of a horse not hitched to a wagon or carriage, and that although a bicycle may be a carriage or vehicle, yet by no liberality of construction can it be called a horse, we can only answer that such construction of the act is absurd; the legislature declared that "if any person or persons shall willfully or maliciously ride or drive any horse or other animal;" by this, they meant the two and only known methods of using the horse, riding astride of him, or driving him in a vehicle. To suppose they intended to prohibit that, which no one had done or would

do, drive a horse by following at his heels on foot, would be altogether an unreasonable interpretation. Where one of two constructions would lead to absurdity, the absurd construction ought not to be adopted: Phila. v. Ry. Co., 102 Pa. 190.

We do not think it material that the informer in this case, had not contributed to the original construction of the sidewalk; nor, although he aided in keeping it in repair, do we think that fact material. It was a sidewalk, by design, construction and use, alongside a highway in a township, and he with his family, had the right to its use to the exclusion of a dangerous vehicle; and this, even though he had in no way aided in constructing or keeping it in repair.

Nor does the fact that the walk was on land appropriated by the turnpike company deprive it of its character as a sidewalk; the company was asserting no right; if it had been constructed and used as a sidewalk by its consent, it had none to assert; that it was so constructed and used clearly appears by the testimony of the company's manager. And the consent of the company to its use by bicyclers would not avail defendant; a law of the commonwealth cannot be repealed by the manager of a turnpike company. If this was an established sidewalk alongside a highway in a township, as it clearly was, then it is subject to the laws of the commonwealth regulating and restricting its use. It is not in the power of any individual or corporation to license a violation of law.

The further argument of appellee, that he and all other bicyclers have used the sidewalk heretofore without complaint, avails nothing as a defense, for it only demonstrates the extent of the grievance, which at last became unbearable; such use, in any considerable numbers by such vehicles, of a four feet sidewalk, would soon result in foot passengers, men, women and children, taking to the turnpike for safety; this would not continue long, until the law would be invoked to decide whether the sidewalk was for foot travelers or for vehicles; whether the bicycler was in the exercise of a lawful right or was an usurper of the rights of others. We have tried to answer this question in this opinion.

Therefore the judgment of the court below is reversed, and it is directed that judgment for the amount of the fine imposed

by the magistrate, six dollars, be entered in favor of the commonwealth and against defendant, with costs, appellee to pay the costs of proceedings on this appeal.