## Commonwealth  *v.*  Stillwagon.

*Appeal—Jurisdiction, Superior Court—Error in charge where prisoner acquitted.*

Where a prisoner has been acquitted by a jury on a criminal charge the appellate court has no power or jurisdiction to examine an appeal to the rulings of the trial judge and declare whether they were right or wrong.

Argued April 18, 1900.   Appeal, No. 185, April T., 1900, by plaintiff, in a suit of Commonwealth of Pennsylvania against J. Emmett Stillwagon, from judgment of Q. S. Fayette Co., March Sessions, 1900, No. 88, on verdict of not guilty.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.   Per Curiam.

Indictment  for  violating  election  laws.    Before REPPERT, P. J.

It appears from the record that defendant, J. Emmett Stillwagon, was the democratic judge of election in the fourth ward of the borough of Connellsville, at the general election held January 20, 1900.   The prosecutor, William A. Hazlett, who was the Republican candidate for council in said ward, had resided with his family on property owned by his wife, situate on the line between said ward and the adjoining township, said line passing through their dwelling house and leaving a portion of the lot in said ward of said borough.   Prosecutor was refused the privilege of voting.

At the trial the commonwealth submitted among others the following points :

[1. That the Act of May 24, 1878, P. L. 131, inasmuch as it specifies " the mansion house of any tract of farm land " only, does not apply to the dwelling house on a town lot, and, therefore, does not apply to the facts of this case.   *Answer :* Refused.] [1]

[2. That said act of May 24, 1878, has no direct bearing upon this case, and does not control the law thereof.   *Answer :* Refused.] [2]

[3. That if the jury believe from the evidence that the line of the borough of Connellsville, separating the fourth ward of

said borough from the adjoining township, passes through the dwelling house in which the Hazletts reside, and that Mrs. Margaret Hazlett, wife of the prosecutor and owner of the lot on which said dwelling house stands, directed the assessment of said lot in said fourth ward of said borough and refused to have it assessed in the township, and said property was so assessed in said ward and borough, and the taxes thereon paid in said ward and borough, such action was an election by her to thereafter have said property assessed in said borough and concludes her as to the place of assessment and taxation thereof. *Answer:* Refused.] [3]

[4. That if the jury believe from the evidence that said borough line passes through said dwelling, and that said property was assessed and the taxes thereon paid in said borough as aforesaid, and that the prosecutor, William A. Hazlett, was registered and assessed, and paid his personal taxes, in said ward of said borough, and that he voted in said ward, and, by appointment of the court was an election officer in said ward, at the November election, 1899, and that his residence has continued the same since, he is, by virtue of said facts, a resident of said ward of said borough, and, as such, was entitled to vote therein at the general election on February 20, 1900. *Answer:* Refused.] [4]

Verdict of not guilty. Commonwealth appealed.

*Errors assigned* among others were (1–4) to the refusal of the commonwealth's first, second, third and fourth points, reciting same.

*J. Q. Van Swearingen*, with him *W. E. Crow, district attorney Nathaniel Ewing* and *A. F. Cooper*, for appellant.

*James R. Cray*, with him *R. F. Hopwood* and *D. W. Mc-Donald*, for appellee.—The Act of May 24, 1878, P. L. 131, fully covers and determines this case.

The defendant was serving as judge of election under a penalty. If he knowingly accepted an improper vote or knowingly rejected the ballot of a properly qualified elector for that

district, he would be liable to prosecution: Commonwealth v. Sheriff, 1 Brewster, 183.

It is absolutely necessary that malice should be proved, in order to sustain such a charge against an election officer: Moran v. Rennard, 3 Brewster, 601.

PER CURIAM, May 24, 1900:

After a careful re-examination of the question we see no reason to depart from our ruling in Commonwealth v. Coble, 9 Pa. Superior Ct. 215. The conclusion there expressed as to the right of the commonwealth to except to the rulings of the quarter sessions upon questions of evidence and to the instructions given to the jury and to appeal after a verdict of acquittal was reached after a deliberate consideration of the question, and in a case where the question of law sought to be raised by the appeal was important. What we said in that case as to the propriety of our discussing alleged errors in the charge of the court which we were powerless to correct is pertinent here, and need not be repeated. For the reasons given in that case we are compelled to quash the appeal.

The appeal is quashed.