Com. of Pa., Appellant, *v.* Heiland.

Argued July 12, 1933.

Before TREXLER, P. J., KELLER, CUNNING-HAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*P. G. Cober,* District Attorney, and with him *Joseph Levy,* for appellant, cited: Commonwealth v. Simpson, 310 Pa. 380; Commonwealth v. Tremeloni, 93 Pa. Superior Ct. 432.

*John A. Berkey,* for appellee, cited: Commonwealth v. Emery, 273 Pa. 518.

PER CURIAM, July 14, 1933:

The defendant was charged with setting up a gambling device "to wit, mint slot machines at which money and other valuable things were played for."

The trial judge decided that the Commonwealth had failed to prove that the machine was a gambling device and directed the jury to render a verdict of "not guilty" and to dispose of the costs, and the jury did accordingly, and rendered a verdict of "not guilty," and placed the costs on the defendant. The Commonwealth appealed. This it had no right to do.

In cases charging nuisance, forcible entry and forcible detainer, the Commonwealth is given the right of appeal by Act of 19 May 1874, P. L. 219. For error in quashing an indictment, arresting judgment, after verdict of guilty and the like, the Commonwealth may appeal. After a verdict of "not guilty," except in the above enumerated cases, the Commonwealth cannot secure a review of the case. The rule is the same whether the result is an error committed by the trial court or a perverse finding of the jury. See Com. v. Weber, 66 Pa. Superior Ct. 180; Com. v. Preston, 92 Pa. Superior Ct. 159.

The appeal is quashed.