Commonwealth ex rel., Appellant, v. Pahlman.

Argued April 10, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*A. C. Purdy,* Borough Solicitor, for appellant.

*Fred C. Houston,* for appellee.

OPINION BY KELLER, P. J., July 18, 1935:

Defendant was arrested while operating a motor truck on Potomac Avenue, in the Borough of Dormont, with a gross weight of over 18,000 pounds, in violation of Ordinance No. 600 of said borough. A hearing was

had before the burgess. The defendant was found guilty and sentenced to pay a fine of $25 and costs.

An appeal to the county court was allowed on petition setting forth as grounds therefor, "(1) that the ordinance is in conflict with the State Motor Vehicle Act and therefore void; (2) that the ordinance is invalid for the reason that signs were not placed in conspicuous places and in accordance with the Motor Vehicle Act of 1929, P. L. 905."

A hearing was had in which it was proved that by Ordinance No. 600 of said borough, duly enacted on November 26, 1926, it is unlawful to operate on certain streets of said borough any motor vehicle having a gross weight, including chassis, body and load, of more than 18,000 pounds; that Potomac Avenue is one of the streets on which the operation of such excess-weight motor vehicles is forbidden; that Potomac Avenue connects with West Liberty Avenue but does not cross it; that signs as given below, 24 inches high by 18 inches wide, in letters 2 inches high, were placed on each side of the curb line of Potomac Avenue, at its intersection with the building line extended of West Liberty Avenue, 9 feet above the curb, and facing traffic either right or left off West Liberty Avenue and into Potomac Avenue:

```
TRUCKS OVER
18000 LBS.
GROSS WEIGHT
NOT
PERMITTED
ON THIS STREET
```

Defendant was, at the time of his arrest, operating a truck on Potomac Avenue having a gross weight of 20,650 pounds.

The county court, feeling constrained to follow the decision of the Court of Quarter Sessions of Montgomery County in Com. v. Berroni, 15 D. & C. 41, discharged the defendant because the signs were insufficient, in that they did not set forth by what authority they were posted. The Commonwealth has appealed.

At the argument the defendant moved to quash the appeal because (1) the appeal on behalf of the Commonwealth was not specially allowed by this court; (2) the Commonwealth cannot appeal from a judgment of 'not guilty.'

(1) The appeal having been taken within the period fixed by law, we allow it nunc pro tunc: Hutchison v. Com., 82 Pa. 472, 477. See also Com. v. Benson, 94 Pa. Superior Ct. 10, 13.

(2) While in Com. v. Benson, supra, we quashed an appeal from a judgment of the county court, which *discharged* the defendants, we did so because "A majority of this court [were] of opinion that the judgment of the court below, considered in connection with the opinions discussing the evidence, shows a clear intent to find the defendants innocent of a violation of the Act of 1794 and to discharge them because of that finding, and that it amounts to a 'distinct and unequivocal judgment upon the facts and the law applicable to those facts' (Com. v. Congdon, supra), [74 Pa. Superior Ct. 286] equivalent to a judgment of acquittal" (p. 15). See also Com. v. Preston, 92 Pa. Superior Ct. 159; Com. v. Ahlgrim, 98 Pa. Superior Ct. 595; Com. v. Bertolette, 101 Pa. Superior Ct. 334; City of Scranton v. Noll, 108 Pa. Superior Ct. 94, 164 A. 850. The judgment appealed from in this case, considered in connection with the opinion, and the stipulation as to facts in evidence, does not show a clear intent to find the defendant innocent of operating a truck on Potomac Avenue with a gross weight of over 18,000 pounds, but rather was a ruling that the conviction

could not legally be sustained because the signs erected pursuant to the borough ordinance did not set forth on their face by what authority they were posted. The judgment was therefore not an acquittal but rather in the nature of a quashing of the conviction on a question of law, or a discharge in arrest of judgment, and as such was subject to appeal by the Commonwealth. See Com. v. Hazen, 20 Pa. Superior Ct. 487, reversed on another point in 207 Pa. 52, 56 A. 263; Com. v. Immel, 33 Pa.. Superior Ct. 388; Com. v. Kenney, 32 Pa. Superior Ct. 544; Com. v. Preston, supra, pp. 161, 162; Com. v. Peacock, 118 Pa. Superior Ct. 168, 179 A. 907; Com. v. Simpson, 310 Pa. 380, 165 A. 498. The motion to quash is overruled.

Coming then to the legal question involved, we cannot agree with the court below that the notice must, in order to be effective, set out by what authority it was posted.

The Vehicle Code of 1929, P. L. 905, as amended by Act of June 22, 1931, P. L. 751, in section 1101(b) expressly grants to local authorities the power, whenever necessary for the protection of any highway or the safety of traffic thereon, to prohibit, by ordinance, the operation of motor vehicles, trailers or semi-trailers on designated highways, as to the weights and loads thereon, which prohibitions and limitations shall be designated by appropriate signs placed on such highways and their intersections. This furnished the borough the authority to enact the ordinance in question, and in the absence of a clear abuse of discretion which is not here shown, the borough authorities are the judges of the necessity for such action. Section 1103 provides that the local authorities may also regulate traffic by means of peace officers, or traffic signals, on any portion of a highway where traffic is heavy or continuous, may regulate or prohibit parking, stopping or loading of vehicles, or prohibit other than one-way traffic upon

certain highways, and may regulate the use of highways by processions or assemblages, and the kinds and classes of traffic and its turning on certain highways at all or certain hours, etc.

The appellee contends, following Com. v. Berroni, supra, that Section 1106 [1] requires that the sign must give notice of the ordinance relied on, rather than— or in addition to—the substance of what is forbidden or limited by the ordinance. We do not so read it. Section 1101 declares that the *prohibitions* and *limitations* enacted by the ordinances shall be designated by appropriate signs, etc. It does not require that the ordinance or any reference to it shall be placed on the sign. To clutter up a sign intended to catch the eye of a moving motorist by details of the source or authority for the notice, would defeat its purpose; and to add to the prohibition or limitation cabalistic letters or abbreviations of such authority, would be of no help. What the legislature had in mind in the Vehicle Code is seen by the kind of signs it has expressly provided for. Where local authorities ordain a twenty mile speed limit on certain streets, the sign is to read 'TWENTY MILE SPEED LIMIT' with no reference to any ordinance, rule or regulation (sec. 1002). When it ends, 'END OF TWENTY MILE SPEED LIMIT' without more. Where through highways are ordained, whether by State or local authority, the sign is to read, 'THRU TRAFFIC STOP' (sec. 1112), without reference to any ordinance, rule or regulation. Signs desig-

---

[1] "Local Traffic Signs. Local authorities, in their respective jurisdiction, may cause signs to be erected and maintained, as may be appropriate, to give notice of legal parking and other local ordinances, rules and regulations. Local parking and other local ordinances, rules and regulations shall not be enforceable against an alleged violator, if, at the time and place of the alleged violation, an appropriate sign, giving notice thereof, is not posted conspicuously by the municipalities making the same, at points where any highway affected thereby joins other highways."

nating one way streets, light signals, semaphores with 'go' and 'stop,' forbidding left hand turns, or U turns, all of these would be rendered less easily read and followed, if the source and character of the prohibition or limitation had to be put on the sign or signal. The Vehicle Code forbids, under penalty, any such signs being placed on or along the highway unless authorized by the Secretary of Highways or the local authorities. The shorter and clearer they are, the more distinct and conspicuous, the better warning to the motorist. So long as the prohibitions, etc. are legal it is of little concern to the motorist to know who authorized them, whether the State or local authorities; but the law may be summarized: If the signs appear on a state highway they are erected by the Secretary of Highways; if on any other road or street, by the local authorities.

We do not follow Com. v. Berroni, supra, but hold that the provisions of the Vehicle Code are complied with when the traffic prohibition, limitation or regulation adopted by the Secretary of Highways or the local authorities, respectively, is designated by signs of legal size, if fixed by law,—otherwise of reasonably adequate size—posted conspicuously at points along the highways and at intersections with other highways, wherever necessary, without a special reference to the authority creating the prohibition, etc. or the ordinance, resolution or rule under which it was adopted.

The order is reversed; and the record is remitted to the court below with directions to pass upon the facts, and determine the guilt or innocence of the defendant in accordance therewith, and to enter such judgment as the law and the evidence require.