## Commonwealth *v.* Wanamaker.

Argued October 13, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*James Francis Ryan,* Assistant City Solicitor, with him *Joseph Sharfsin,* City Solicitor, and *Charles F. Kelley,* District Attorney, for appellant.

*Daniel G. Murphy,* for appellee, was not heard.

PER CURIAM, October 27, 1937:
Complaint was made before Magistrate McBride by a police officer of the City of Philadelphia charging John Wanamaker with violation of the Traffic and Parking Ordinance, approved October 21, 1936. After

hearing, the defendant was adjudged guilty and ordered to pay the costs.

An appeal was duly allowed to the Court of Quarter Sessions and a hearing de novo had before Judge MILLAR who, after full consideration of the evidence, adjudged the defendant not guilty.

The City of Philadelphia appealed to this Court. The appeal will be quashed.

We have held in numerous cases (*Com. v. Preston,* 92 Pa. Superior Ct. 159; *Com. v. Benson,* 94 Pa. Superior Ct. 10, 15; *Com. v. Bertolette,* 101 Pa. Superior Ct. 334; *Com. v. Heiland,* 110 Pa. Superior Ct. 188, 167 A. 439; *Com. v. Peacock,* 118 Pa. Superior Ct. 168, 171, 179 A. 907) that the Commonwealth may not appeal from a judgment of acquittal, or not guilty, entered by the Court of Quarter Sessions, or a judge thereof, following an appeal to that court from a summary conviction before a justice of the peace, alderman or magistrate. It is not necessary to restate the reasons supporting that ruling. They are fully set forth in the prior decisions cited above. The same rule applies to summary proceedings for violation of a city or borough ordinance, or municipal regulation, where the municipality seeks to appeal from a judgment of not guilty entered by the Court of Quarter Sessions, following an appeal allowed from the judgment of the justice, alderman or magistrate: *Com. v. Ahlgrim,* 98 Pa. Superior Ct. 595; *City of Scranton v. Noll,* 108 Pa. Superior Ct. 94, 164 A. 850.

The judgment of Judge MILLAR in this case was not based on any invalidity of the ordinance or other disposition in the nature of a quashing of the conviction on a question of law or discharge in arrest of judgment —see *Com. v. Pahlman,* 118 Pa. Superior Ct. 175, 179, 179 A. 910—, but was a finding, on the evidence, that the defendant had not violated the ordinance.

The Act of May 19, 1874, P. L. 219, which provides, inter alia, that exceptions may be taken by the Com-

monwealth in cases charging nuisance, forcible entry and detainer, and forcible detainer, refers to appeals from trials by jury, on indictments.

Appeal quashed.