## McBride et al. v. Aaronson

*English, Quinn, Leemhuis & Plate,* for plaintiffs.

*Brooks, Curtze & Silin* and *Agresti & Agresti,* for defendant.

EVANS, P. J., May 24, 1949.—This matter is before the court on motion for judgment n. o. v. after verdict for plaintiffs in the amount of $450. The facts, concerning which there is no dispute, are as follows:

Defendant is the owner of two adjoining stores on the south side of Buffalo Road in the business section of Wesleyville, Pa. In the rear of these business properties is a dwelling house where defendant lives with his family, including a minor son, Manuel Aaronson, aged three. Defendant owned and permitted this minor son to ride a tricycle in and out of his stores and on the sidewalk in front thereof. On July 9, 1948, Dorothy McBride stopped in front of defendant's store window to view the display therein. With the intention of en-

tering the store to examine a pair of shoes, she took one step backwards and came in contact with the tricycle which was being operated by defendant's son, two or three feet in front of said store. Plaintiff had no warning concerning the situation, and fell to the ground, suffering injuries for which the jury awarded damages. Defendant contends that he is guilty of no negligence for which recovery may be had.

A. L. I. Restatement of the Law of Torts §308, is as follows:

"It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others."

In paragraph (b) of the comment to this section, it is stated that this rule has its most frequent application where the third person is a member of a class which is notoriously likely to misuse the thing which the actor permits him to use. Cited as examples are the placing of loaded firearms or poisons within the reach of young children or feebleminded adults. This is the law of Pennsylvania: Archibald v. Jewell, 70 Pa. Superior Ct. 247. Under section 1 of the Act of April 23, 1889, P. L. 44, it was held (Commonwealth v. Forrest, 170 Pa. 40) that one who rides a bicycle on a sidewalk may be punished. This act, applying to bicycles and tricycles, evidences the conclusion of our legislature that these vehicles, on sidewalks, may constitute a hazard. In our opinion this defendant was bound to know that his three-year-old child was likely to injure someone in operating that tricycle on a sidewalk where people congregate whose attention to the possibility of danger would likely be diverted through the display of merchandise in stores, placed there to attract their attention and interest. Defendant knew that his son

was in the habit of so acting, and had previously been warned of the danger to customers by one of his employes.

We are of the opinion that defendant created, and permitted to continue, a practice which involved an unreasonable risk, and that in his failure to anticipate an accident which was likely to and did occur, he is liable for the damages resulting therefrom.

And now, to wit, May 24, 1949, the rule granted January 24, 1949, on defendant's motion for judgment n. o. v. is discharged and prothonotary is directed to enter judgment on the verdict upon payment of the jury fee.