Commonwealth, Appellant, *v.* Lodge No. 148 Loyal Order of Moose et al.

Argued December 16, 1958. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Harry J. Rubin,* Deputy Attorney General, with him *Joseph L. Cohen,* Deputy Attorney General, and *Thomas D. McBride,* Attorney General, for appellant.

*John T. Miller,* with him *J. Richard Budding,* and *Budding & Yost,* for appellees.

OPINION BY WRIGHT, J., March 18, 1959:

This proceeding was originated by a complaint filed before an alderman by an officer of the Health Department of the City of York charging a violation of the Act of May 23, 1945, P. L. 926, as amended by the Act of September 26, 1951, P. L. 1462, 35 P.S. 655.1, et seq., which provides in pertinent part that "it shall be unlawful for any proprietor to conduct or operate a public eating or drinking place without first obtaining a license, as herein provided". At a hearing before the alderman on October 7, 1957, the defendants were found guilty and sentenced to pay a fine. On October 11, 1957, the Court of Quarter Sessions of York County allowed an appeal, which was subsequently submitted on an agreed stipulation of facts. On August 25, 1958, the court below filed its opinion together with an order that "the defendants . . . are adjudged not guilty, and the County of York is directed to pay the costs of prosecution". On October 8, 1958, the Commonwealth appealed to this court. On October 31, 1958, the appellees filed a motion to quash on the ground that "the Commonwealth has no right of appeal". On November 7, 1958, the Commonwealth filed an answer to the motion to quash, asserting the right to appeal "where only a question of law is involved". We heard argument both on the motion to quash and answer, and also on the merits. The factual situation is set forth by Judge ATKINS as follows:

"The facts have been stipulated by counsel for the Commonwealth and for the defendants. The stipulation, in substance, sets forth that the defendant, Loyal Order of Moose of the World, Lodge No. 148, is a properly chartered Pennsylvania non-profit corporation, conducting its business and activities in the City of York, Pennsylvania, at 159 South George Street, and that the corporation has 2900 members. The defendant, Allen C. Spangler, is an adult individual residing at 28 South Sumner Street, York, Pennsylvania, and is the secretary and steward of the corporation. The Lodge holds a club liquor license issued by the Pennsylvania Liquor Control Board and does serve food and refreshments, maintaining a kitchen and all facilities to engage in these activities. The only persons admitted to the Lodge premises are members of the Lodge and guests of members. Persons are admitted to the membership of the Lodge only in accordance with the constitution and by-laws of the corporation of the Supreme Lodge of the Moose.

"In March 1957 the Health Department of the City of York (the licensing body provided by the Act of Assembly above referred to) mailed an application for a license to operate a public eating and drinking place to the Lodge which application was not completed nor returned. On May 6, 1957, a health officer of the City of York called at the Lodge premises, introduced himself as a health inspector, and was advised by an employee to go ahead and inspect the premises. While the inspection was in progress the defendant Spangler appeared and advised Officer Fishel that the Lodge did not apply for a license, as required of public eating and drinking places, for the reason that the Lodge did not operate a public eating and drinking place but was a privately owned and operated place and, therefore, not subject to the Act of 1945, supra. No application was

filed by the Lodge for a license under the act for the year 1957 and no license was granted to it".

We have concluded, as will be hereinafter demonstrated, that this appeal must be quashed. However, since the question presented might otherwise arise again, as asserted in the Commonwealth's brief,[1] we deem it advisable to briefly consider the merits. As pointed out by the court below, the issue is a very narrow one, namely, whether or not the Lodge in question was conducting a public eating and drinking place as that term is defined in the statute.[2] Webster defines the adjective public in several ways, as follows: "Of or pertaining to the people; pertaining to or affecting a nation, state, or community at large;—opposed to *private*. Open to the knowledge or view of all; general; common; notorious". The noun is thus defined: "The general body of mankind, or of a nation, or community; the people". It seems obvious that, applying the usual and ordinary meaning to the language used, the Lodge does not fall within the statutory definition. Members of the general public are not admitted to the Lodge premises and may not avail themselves of its eating

---

[1] "The alternative left to the Commonwealth if this appeal is quashed is to bring more prosecutions in a number of other counties until a guilty verdict is obtained and a defendant appeals therefrom. It certainly cannot be the policy of the law to encourage multiple prosecutions under a disputed statutory construction when the dispute can be settled initially. Furthermore, the importance of the case and the participation of the State Department of Justice lend support for hearing this appeal and determining the question of law involved. Certainly, where a state statute is questioned and where a multiplicity of prosecutions can be avoided, the administration of justice is promoted by this policy."

[2] "The words 'public eating or drinking place' shall mean any place within this Commonwealth where food or drink is served to or provided for the public, with or without charge: Provided, however, That nothing herein contained shall apply to dining cars operated by a railroad company in interstate commerce".

and drinking facilities. As set forth in the stipulation of facts: "The only persons admitted to the Lodge premises are members of the Lodge, and guests of members. Persons are admitted to the membership of the Lodge only in accordance with the Constitution and By-laws of the corporation, and the Supreme Lodge of the Moose".

Appellant argues as follows: "The most impelling reason for bringing the defendant's dining facilities within the scope of the Act of May 23, 1945, P.L. 926, as amended, is that unless this is done, a great number of food service facilities throughout the Commonwealth will not be subject to inspection; and, therefore, those who patronize such places will not have the protection afforded by the act. It is unconscionable that such a situation prevail". This argument should more properly be addressed to the legislature. The statute under consideration contains penal provisions and must be strictly construed. See Section 58 of The Statutory Construction Act of May 28, 1937, P.L. 1019, 46 P.S. 558 . We find nothing in the cases cited in the Commonwealth's brief[3] which would impel us to disturb the decision of the court below.

Coming now to the motion to quash, statute and case law have prescribed the limits of the Commonwealth's right to appeal in criminal cases. The Act of May 19, 1874, P.L. 219, 19 P.S. 1188, provides in pertinent part that "in cases charging the offense of nuisance or forcible entry and detainer, or forcible detainer, exceptions to any decision or ruling of the court may also be taken by the Commonwealth". Our

---

[3] *Brnilovich v. St. George Church*, 326 Pa. 218, 191 A. 655; *Burd Orphan Asylum v. School District*, 90 Pa. 21; *Hill School Tax Exemption Case*, 370 Pa. 21, 87 A. 2d 259; *Bredeck v. Board of Education of City of St. Louis*, 213 S.W. 2d 889; *Commonwealth v. Mason*, 381 Pa. 309, 112 A. 2d 174.

Supreme Court, in *Commonwealth v. Wallace*, 114 Pa. 405, 6 A. 685, recognized the right of the Commonwealth to appeal "for error in quashing an indictment, arresting judgment after verdict of guilty, and the like". The following statement in the *Wallace* case is significant (italics supplied) : "To erroneous decisions made in the trial which may cause the *acquittal* of the accused, except in the three misdemeanors already mentioned [nuisance, forcible entry, and detainer] the Commonwealth cannot except, and such decisions cannot be reviewed". The only case apparently at variance with this rule is *Commonwealth v. Dudenhoeffer*, 105 Pa. Superior Ct. 254, 161 A. 426, wherein the Commonwealth appealed to this court after a directed verdict of not guilty. However, nowhere in that decision does it appear that the question of the right to appeal was raised, and it was not passed upon. Cf. *Commonwealth v. Forrest*, 170 Pa. 40, 32 A. 652.

Appellant relies on language found in *Commonwealth v. Simpson*, 310 Pa. 380, 165 A. 498, wherein the Supreme Court held that an appeal by the Commonwealth would lie where the lower court had overruled its demurrer to the defendant's plea of former jeopardy. Referring to the *Wallace* case, the court stated: "By the words 'and the like', we meant cases in which the ruling is against the Commonwealth on pure questions of law". *Commonwealth v. Bienkowski*, 137 Pa. Superior Ct. 474, 9 A. 2d 169, and *Commonwealth v. Christopher*, 168 Pa. Superior Ct. 592, 80 A. 2d 863, are cited as examples falling within this principle. In the *Bienkowski* case we recognized that the order of the court below "was like, similar to, or the equivalent of, quashing the indictment or arresting judgment". In the *Christopher* case, the trial court granted a defendant's motion for discharge after the jury had failed to agree. We said: "The ruling being against the Commonwealth on a pure question

of law, it has the right to appeal". It is important to note that neither case involved an acquittal. It is well settled that, where the defendant has been found not guilty, either by verdict of the jury or by decision of the trial judge, the Commonwealth has no right of appeal. See *Commonwealth v. Coble*, 9 Pa. Superior Ct. 215; *Commonwealth v. Stillwagon*, 13 Pa. Superior Ct. 547; *Commonwealth v. Heiland*, 110 Pa. Superior Ct. 188, 167 A. 439; *Commonwealth v. Snaman*, 131 Pa. Superior Ct. 383, 200 A. 106; *Commonwealth v. Miller*, 150 Pa. Superior Ct. 604, 29 A. 2d 343.

In the words of Judge (now President Judge) RHODES in *Commonwealth v. Kerr*, 150 Pa. Superior Ct. 598, 29 A. 2d 340, "the result of the verdict of not guilty is that the Commonwealth is precluded from appealing from the judgment of acquittal". The rule is the same whether the verdict is the result of an error committed by the trial court, or a perverse finding by the jury: *Commonwealth v. Weber*, 66 Pa. Superior Ct. 180. The distinction between this type of case and the situation in *Commonwealth v. Wallace*, supra, 114 Pa. 405, 6 A. 685, was clearly set forth by President Judge KELLER in *Commonwealth v. Obenreder*, 144 Pa. Superior Ct. 253, 19 A. 2d 497, as follows: "It is well settled in this State that the Commonwealth cannot appeal from a judgment of acquittal in criminal prosecutions, except in cases of nuisance, forcible entry and detainer, and forcible detainer . . . And this is so whether the prosecution be by indictment . . . or by summary proceeding . . . And, if the former, it does not matter whether the verdict be rendered by the jury of its own accord or by direction of the court . . . Such a verdict or judgment of acquittal is not to be confused with the quashing of an indictment, or an arrest of judgment following a verdict of guilty, or a judgment sustaining a demurrer to the evidence, which raise only questions of law and do

not result in a verdict of not guilty or judgment of acquittal, and accordingly in those cases, the Commonwealth may appeal".

Appellant cites four early cases in this court wherein the Commonwealth appealed following the discharge of the defendant by the quarter sessions court on a hearing de novo after a summary conviction. These cases[4] were discussed and distinguished in *Commonwealth v. Benson*, 94 Pa. Superior Ct. 10, on the ground that the action of the lower court had been similar in effect to the quashing of an indictment or the arrest of judgment. In the *Benson* case, on an appeal from a conviction by an alderman in a summary proceeding, we held that the order of the court below amounted to a distinct and unequivocal judgment of acquittal[5] and, in quashing the appeal, followed the settled rule that the Commonwealth has no right to appeal from such a judgment. Appellant also cites *Commonwealth v. Hallberg*, 168 Pa. Superior Ct. 596, 81 A. 2d 270, and *Commonwealth v. Reitz*, 156 Pa. Superior Ct. 122, 39 A. 2d 522. In the *Hallberg* case, the appeal to this court was from the sustaining by the court below of a motion to quash the information. In the *Reitz* case, the appeal to this court was from an order below

---

[4] *Commonwealth v. Hazen*, 20 Pa. Superior Ct. 487; *Commonwealth v. Kenney*, 32 Pa. Superior Ct. 544; *Commonwealth v. Immel*, 33 Pa. Superior Ct. 388; *Commonwealth v. McComb*, 39 Pa. Superior Ct. 411.

[5] It should be noted that an order merely sustaining or dismissing the appeal is not sufficient. If such an order is entered, an appeal will be entertained by this court and the record remitted with a procedendo: *Commonwealth v. Brenneman*, 172 Pa. Superior Ct. 198, 92 A. 2d 894; *Commonwealth v. Miller*, 173 Pa. Superior Ct. 168, 96 A. 2d 153; *Commonwealth v. Young*, 184 Pa. Superior Ct. 658, 135 A. 2d 774. See also *Commonwealth v. Peacock*, 118 Pa. Superior Ct. 168, 179 A. 907; *Commonwealth v. Pahlman*, 118 Pa. Superior Ct. 175, 179 A. 910.

discharging the defendant, not from a judgment of acquittal.

In *Commonwealth v. Preston,* 92 Pa. Superior Ct. 159, the defendant was prosecuted before an alderman for a violation of the Child Labor Law of 1915. Following his summary conviction, the defendant appealed. The case was heard by the lower court on an agreed statement of facts. The defendant was found not guilty. The Commonwealth sought an appeal to this court, and we held that the appeal must be quashed. Cases to the same effect are: *Commonwealth v. Ahlgrim,* 98 Pa. Superior Ct. 595; *Commonwealth v. Bertolette,* 101 Pa. Superior Ct. 334; *Commonwealth v. Wanamaker,* 128 Pa. Superior Ct. 528, 194 A. 681; *Commonwealth v. Teman,* 134 Pa. Superior Ct. 36, 3 A. 2d 960; *Commonwealth v. Obenreder,* supra, 144 Pa. Superior Ct. 253, 19 A. 2d 497; and *Commonwealth v. Petersheim,* 166 Pa. Superior Ct. 90, 70 A. 2d 395. Our most recent case of this type is *Commonwealth v. Hollinger,* 170 Pa. Superior Ct. 180, 84 A. 2d 794, which involved an appeal from a summary conviction for violation of a regulation of the Milk Control Commission. The matter was heard by the quarter sessions court on stipulated facts, after which the defendant was found not guilty. This court quashed the Commonwealth's appeal.

In conclusion, there is merit in appellant's suggestion, that, where the lower court does not agree with the Commonwealth's position on a pure question of constitutionality or statutory interpretation, it should endeavor to dispose of the proceeding in a manner, such as the sustaining of a demurrer, which would preserve the Commonwealth's right of appeal. This might well involve a pre-trial conference on the question of procedure, and would undoubtedly require the cooperation of counsel. What we are saying in this opinion is that, if a judgment of acquittal is actually

entered, we have no alternative as the law now stands other than to quash an appeal by the Commonwealth.

Appeal quashed.