372 A.2d 912

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Dennis Richard DAVIS.**

Superior Court of Pennsylvania.

Submitted April 12, 1976.

Decided April 19, 1977.

Patrick H. Mahady, Assistant District Attorney, and Albert M. Nichols, District Attorney, Greensburg, for appellant.

Irving M. Green, New Kensington, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

In 1973, Beverly Roberts filed a complaint charging appellee with fornication and bastardy.[1] After a preliminary hearing these charges were dismissed for failure to prove a prima facie case. On January 24, 1975, complainant charged appellee with neglect to support an illegitimate child.[2] Appellee waived a preliminary hearing and was indicted on April 23, 1975.

■ Prior to trial, upon oral motion, appellee entered a plea of *autrefois acquit*,[3] averring that, in the 1973 proceeding, appellee had been charged with, and acquitted of, essentially the same offense. After a hearing, the court sustained the motion, stating that, "this case is dismissed; *we'll find him not guilty on this charge*." (emphasis added).

■ The first question raised is whether the Commonwealth is permitted to appeal the lower court's action in this case. As a general rule, the prosecution may only appeal pure questions of law. *Commonwealth v. Simpson*, 310 Pa. 380, 165 A. 498 (1933); *Commonwealth v. Wallace*, 114 Pa. 405, 6 A. 685 (1886). Moreover, the order appealed from must be a final judgment which works a discharge of the defendant.[4] The sustaining of a plea of double jeopardy, on several occasions, has been held to comply with these requirements. *Commonwealth v. Baker*, 413 Pa. 105, 196 A.2d

1. Act of June 24, 1939, P.L. 872, § 506, *as amended.*

2. 18 Pa.C.S. § 4323.

3. Appellee apparently entered this "plea" pursuant to the Act of March 31, 1860, P.L. 427, § 30 (19 P.S. § 464), which sets forth the proper *averments* to "pleas" of *autrefois acquit* or *convict.* Under Rule 319 of the Pennsylvania Rules of Criminal Procedure, a defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere. The proper procedure for raising a bar to prosecution, such as former acquittal, is a written pre-trial application pursuant to Pa.R.Crim.P. 304. *Cf. Commonwealth v. Splain*, 242 Pa.Super. 503, 364 A.2d 384 (1976); 18 Pa.C.S. § 110.

4. This rule has been relaxed somewhat for appeals of orders of suppression. *See, e. g., Commonwealth v. Deren*, 233 Pa.Super. 373, 337 A.2d 600 (1975); *Commonwealth v. Bruno*, 176 Pa.Super. 115, 106 A.2d 905 (1954).

382 (1964); *Commonwealth v. Simpson, supra.* It is clear that "but for" the judge's statement that the defendant was "not guilty," the lower court's disposition would have presented an appealable order.

In *Commonwealth v. Lodge No. 148, Loyal Order of Moose*, 188 Pa.Super. 531, 149 A.2d 565 (1959), an alderman found the Lodge guilty of conducting a public eating or drinking place without a license. On appeal to the court of quarter sessions, on stipulated facts, the defendant was adjudged not guilty. A motion to quash the Commonwealth's appeal was granted, based on the well settled rule that "where the defendant has been found not guilty, either by verdict of the jury or decision of the trial judge, the Commonwealth has no right of appeal." (citations omitted) *Id.* 188 Pa.Super. at 538, 149 A.2d at 569. The same result was obtained when the lower court sustained a demurrer to the Commonwealth's evidence, but instead of dismissing the charges, directed a verdict of not guilty. *Commonwealth v. Ferrone*, 218 Pa.Super. 330, 280 A.2d 415 (1971); *Commonwealth v. Kerr*, 150 Pa.Super. 598, 29 A.2d 340 (1942); *see also Commonwealth v. Ray*, 448 Pa. 307, 292 A.2d 410 (1972) (after declaring ordinance unconstitutional the lower court entered a verdict of not guilty—held: not appealable). After a verdict of not guilty, whether the result of error by the trial judge or a perverse finding by the jury, the Commonwealth is precluded from appealing the judgment. *Commonwealth v. Miller*, 150 Pa.Super. 604, 29 A.2d 343 (1942); *Commonwealth v. Kerr*, 150 Pa.Super. 598, 29 A.2d 340 (1942); *Commonwealth v. Heiland*, 110 Pa.Super. 188, 167 A. 439 (1933).

■ Appellee cites this line of cases, culminating in *Commonwealth v. Ray, supra,* in support of the contention that the Commonwealth may not appeal this case since the lower court entered a verdict of not guilty. In each of the above cases, the Commonwealth had presented its evidence. Appeals were proscribed because the overturning of such a verdict, whether or not erroneously entered, would have involved a determination on a mixture of law and fact. In

454

the case at bar, however, the Commonwealth has presented no evidence. Irrespective of the "verdict" of not guilty, this appeal, *on the face of the record,* can only involve a question of law. Moreover, this was not a case in which the lower court issued no final order or judgment other than the not guilty verdict. *Compare Commonwealth v. Ray, supra.* The lower court dismissed the charges prior to the statement that defendant was not guilty. The matter was disposed of on the docket without any mention of the not guilty verdict. We hold that because this pre-trial order[5] involved a pure question of law and effectively terminated the action, the Commonwealth may appeal.

The remaining question is whether the Commonwealth is barred from prosecuting the defendant on a charge arising from the same criminal episode or transaction as a prior charge which was dismissed at a preliminary hearing for failure to establish a prima facie case. This precise issue was presented in *Commonwealth v. Smith,* 232 Pa.Super. 546, 334 A.2d 741 (1975). We held that, while multiple criminal offenses arising from the same transaction must be tried in one prosecution, successive preliminary hearings are not proscribed. Therefore, this prosecution is not barred by the doctrine of *autrefois acquit. Commonwealth v. Haines,* 147 Pa.Super. 165, 24 A.2d 85 (1942); *Commonwealth v. Beiderman,* 109 Pa.Super. 70, 165 A. 765 (1933); *Commonwealth v. Friedman,* 94 Pa.Super. 491 (1928).

The order is reversed and the case is remanded for further proceedings consistent with this opinion.

CERCONE, J., concurs in the result.

5. After an acquittal this court is powerless to consider the Commonwealth's allegations of trial error. *Commonwealth v. Bienkowski,* 137 Pa.Super. 474, 9 A.2d 169 (1939). The trial in the instant case, however, had not yet commenced. Appellee had not even waived his right to a jury trial. *See* Pa.R.Crim.P. 1101, 1102(b).