410 A.2d 894

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Ellis B. JOHNSON.**

Superior Court of Pennsylvania.

Argued March 21, 1979.
Filed Sept. 21, 1979.

Robert F. Pappano, Chester, for Commonwealth of Pennsylvania, Township of Tinicum, appellant.

Anthony J. McNulty, Media, for appellee.

Arthur R. Littleton, Philadelphia, filed a amicus curiae brief on behalf of The Pennsylvania Motor Truck Assn.

Before PRICE, SPAETH and LIPEZ, JJ.

PER CURIAM:

Appellee was convicted, before a District Justice, of a summary violation of section 4942(a) of the Pennsylvania

Vehicle Code.[1] The Court of Common Pleas sustained appellee's summary appeal and found him not guilty. Judgment was entered accordingly, and the Commonwealth appeals.

"[A]n entry of judgment of not guilty by the court of [common pleas] on an appeal from a summary conviction by a justice is an end of the case and . . . no appeal lies." *Commonwealth v. Bertolette*, 101 Pa.Super. 334, 335–36 (1931). Since a judgment of acquittal was entered, we must quash the Commonwealth's appeal.[2] *Commonwealth v. Moose Lodge No. 148*, 188 Pa.Super. 531, 149 A.2d 565 (1959).

Appeal quashed.

1. 75 Pa.C.S. § 4942(a).

2. The issue involved in this case was the application of section 4942(a) to vehicles not registered in Pennsylvania. Since, given the extensive use of interstate trucking, this issue is likely to recur, *see, e. g., Commonwealth v. Mellon*, 65 Del. 318 (1978), we note the suggestion of Judge Wright in *Commonwealth v. Moose Lodge No. 148*, supra:

   [W]here the lower court does not agree with the Commonwealth's position on a pure question of constitutionality or statutory interpretation, it should endeavor to dispose of the proceeding in a manner, such as the sustaining of a demurrer, which would preserve the Commonwealth's right of appeal. This might well involve a pre-trial conference on the question of procedure, and would undoubtedly require the cooperation of counsel.

   188 Pa.Super. at 540, 149 A.2d at 570.