455 A.2d 722

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Terrance BALTZLEY.**

Superior Court of Pennsylvania.

Submitted Sept. 21, 1982.

Filed Jan. 28, 1983.

Roy Alan Keefer, Assistant District Attorney, Gettysburg, for Commonwealth, appellant.

David Kostka James, Gettysburg, for appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

PER CURIAM:

The Commonwealth charged appellee Terrance Baltzley with a speeding violation under 75 Pa.C.S.A. § 3362(a)(3), Act of June 17, 1976, P.L. 162, No. 81, § 1. Baltzley was found guilty by the district justice, and took a summary appeal to the Court of Common Pleas of Adams County. After a trial de novo, the court found Baltzley not guilty in an order dated July 13, 1981. The Commonwealth appeals from this order.

This Court has held that the Commonwealth may not appeal from a judgment of not guilty by a Court of Common Pleas on an appeal from a summary conviction by a District Justice. *Commonwealth v. Johnson*, 270 Pa.Super. 57, 58, 410 A.2d 894 (1979). In general, the Commonwealth may not appeal from a verdict of not guilty entered by a trial court in a criminal case—and this rule applies whether the offense charged be a summary or indictable offense. *Commonwealth v. Ray*, 448 Pa. 307, 292 A.2d 410 (1972); *Commonwealth v. Thinnes*, 263 Pa.Super. 79, 397

A.2d 5 (1979). Only where a dispositive adverse ruling in the trial court is purely one of law may the Commonwealth appeal; where the reason for the ruling is an admixture of law and fact, no appeal lies. *Commonwealth v. Melton,* 402 Pa. 628, 168 A.2d 328 (1961); *Commonwealth v. Iacavazzi,* 297 Pa.Super. 200, 443 A.2d 795 (1981). The trial court opinion states that "the Commonwealth sought no rulings and the Court entered a general verdict of not guilty." Under any interpretation of the law applicable to this case, the Commonwealth's appeal must be quashed.

Appeal quashed.

POPOVICH, J., concurs in the result.